# BUTLER v. EATON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

No. 301. Argued March 23, 24, 1891. — Decided May 25, 1891.

*Pacific National Bank* v. *Eaton, ante,* 227, and *Thayer* v. *Butler, ante,* 234, affirmed and applied to this case.

An action between a plaintiff and a national bank, and an action between the receiver of that bank as plaintiff and the plaintiff in the other action as defendant, are substantially suits between the same parties.

A receiver of a national bank brought an action in a Circuit Court of the United States to recover the amount of an unpaid subscription to stock of the bank. The defendant set up a judgment in her favor in the state court on the same issue as an estoppel, and the Circuit Court held it to be an estoppel. That judgment of the state court being brought before this court by writ of error, was reversed here, and this court in the case from the Circuit Court, also brought here in error, *held,* that the judgment of the Circuit Court should be reversed, and the cause remanded with directions to enter judgment for the receiver.

THE case is stated in the opinion.

*Mr. A. A. Ranney* for plaintiff in error.

*Mr. J. H. Benton, Jr.,* for defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This case is a sequel to the case of *Pacific National Bank* v. *Eaton,* just decided. It was an action brought by the receiver of the Pacific National Bank of Boston against Mary J. Eaton to recover one hundred per cent of the amount of her capital stock in said bank, on her individual liability as a stockholder, under section 5151 of the Revised Statutes. The amount sued for was $8000 and interest thereon, being $4000 and interest for her original stock, and $4000 and interest for her new stock. Her liability to pay the first sum was not disputed. She consented to be defaulted for that, and that judgment should be rendered against her. But she denied any

liability by reason of the new stock, and claimed a set-off for the money she had paid on it on the ground that she only paid for stock which was to form part of an increased capital of $500,000 and no such increase was ever made. By a subsequent plea, *puis darrein continuance*, after specially setting forth the facts relating to said new stock, and denying her liability therefor, she pleaded in bar the judgment rendered in her favor in regard thereto by the Supreme Judicial Court of Massachusetts on the 10th day of May, 1887, which we have just reversed. A jury was waived and the cause was tried by the court upon an agreed statement of facts, including the record and judgment in the said action in the Supreme Judicial Court of Massachusetts. The agreed statement of facts, with the exception of the said judgment, is precisely the same *mutatis mutandis*, as in the case of *Thayer* v. *Butler, ante,* 234, just decided, and so far as the case depends on said statement, the same conclusion must be reached.

Upon a hearing of the whole case the Circuit Court gave judgment in favor of the receiver for the amount of the 40 shares of stock originally held by Miss Eaton, with the interest thereon, but not for the amount of the 40 shares of new stock. The ground of the judgment will appear by the following extract from the bill of exceptions:

"The plaintiff objected to the competency of the record of the case of *Mary J. Eaton* v. *The Pacific National Bank,* tried in the state court and constituting a part of said agreed facts, contending that the same constituted no estoppel or bar in defence of this action. The court admitted it, and plaintiff excepted, and his exception was allowed. The plaintiff contended and asked the court to rule that if the adjudication in the state court, as shown by the said record from the state court, was competent evidence, it was not of itself conclusive in this action, and did not operate as an estoppel or bar, and was only to be considered with the other facts agreed in the case.

"The plaintiff contended and asked the court to rule that upon all the facts agreed as aforesaid he was entitled to recover the assessment sued for upon the eighty shares of stock.

declared on. The court declined to so rule, and being of the opinion that he was entitled to so recover, except for the said adjudication in the state court, he held that said adjudication was of itself conclusive as a bar to the recovery, so far as the forty shares of new stock in question were concerned, notwithstanding the issuing and pendency of a writ of error, and ordered judgment for the amount only of the assessment upon the forty shares of old stock not in dispute; that is to say, in the sum of $5172. The plaintiff excepted to the ruling in so far as it precluded him from recovering a like sum in addition on account of the other forty shares."

As the sole ground and reason for giving judgment against the receiver, in regard to the amount of the new shares of stock, was the judgment of the Supreme Judicial Court of Massachusetts, which (as stated) we have just reversed, the inquiry arises what disposition may be made of the judgment in this case, supposing that the evidence of the Massachusetts judgment was properly admitted and allowed by the Circuit Court on the trial of the cause. At that time this judgment was valid and subsisting. It was not nominally between the same parties, it is true. It was a judgment recovered by Mary J. Eaton against the Pacific National Bank; whereas the present action is an action between Butler, the receiver of the said bank, and the said Mary J. Eaton. We are inclined to think, however, that the court below was right in determining that the two actions were substantially between the same parties, inasmuch as a receiver of a national bank, in all actions and suits growing out of the transactions of the bank, represents it as fully as an executor represents his testator. We think, therefore, that the evidence of the judgment recovered was properly admitted as a bar to the receiver's title to recover in reference to the new stock. And it cannot be said, therefore, looking to the record in this case alone, that there is error in the judgment now before us. But by our own judgment just rendered in the other case, the whole basis and foundation of the defence in the present case, namely, the judgment of the Supreme Judicial Court of Massachusetts, is subverted and rendered null and void for the purpose of any

such defence. Whilst in force, an execution issued upon it, and a sale of property under such execution would have been effective. And when it was given in evidence in this case it was effective for the purpose of a defence, but its effectiveness in that regard is now entirely annulled. Are we then bound to affirm the judgment and send it back for ulterior proceedings in the court below, or may we, having the judgment before us, and under our control for affirmance, reversal or modification, and having judicial knowledge of the total present insufficiency of the ground which supports it, set it aside as devoid of any legal basis, and give such judgment in the case as would and ought to be rendered upon a writ of error *coram vobis, audita querela,* or other proper proceedings for revoking a judgment which has become invalid from some extraneous matter?

In the case of *Ballard* v. *Searls,* 130 U. S. 50, which was an appeal in equity in which a somewhat similar exigency existed, we remanded the cause to the Circuit Court with instructions to allow the appellant to file such supplemental bill as he might be advised, in the nature of a bill of review, or for the purpose of suspending or avoiding the decree upon the new matter arising from the reversal of the decree on which it was based. There were complications in that case which rendered such a course advisable. A sale had been made under execution, and the purchasers might have acquired rights which a simple reversal of the decree would have embarrassed; and the decree itself was not founded directly upon the other decree which had been reversed, but was rendered on a bill filed to set aside alleged fraudulent conveyances of land which obstructed the execution of that decree. It seemed to us that the necessary investigation to be made would involve the exercise of original jurisdiction by this court, to which it is not competent. Hence we took the course mentioned, by remanding the cause to the Circuit Court in order that the requisite ulterior proceedings might be taken there.

The present case is a more simple one. The judgment complained of is based directly upon the judgment of the Supreme

Judicial Court of Massachusetts, which we have just reversed. It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force or effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object?

Upon full consideration of the matter we have come to the conclusion that we may dispose of the case here.

*We, therefore, reverse the judgment of the Circuit Court, and order that the cause be remanded with directions to enter judgment for the plaintiff in error against the defendant in error for the whole amount sued for in the action, namely, eight thousand dollars, with interest and costs, and take such further proceedings as may be proper in conformity with this opinion.*