HON. SILAS A. HOLCOMB,  } JUDGES.
HON. SAMUEL H. SEDGWICK,

DEPARTMENT No. 1.
HON. WILLIAM G. HASTINGS,
HON. GEORGE A. DAY,
HON. JOHN S. KIRKPATRICK,

DEPARTMENT No. 2.
HON. JOHN B. BARNES,          } COMMISSIONERS.
HON. WILLIS D. OLDHAM,
HON. ROSCOE POUND,

DEPARTMENT No. 3.
HON. EDWARD R. DUFFIE,
HON. JOHN H. AMES,
HON. I. L. ALBERT,

LOUIS J. KUDRNA, APPELLANT, v. JOHN V. AINSWORTH, RE-
CEIVER, ET AL., APPELLEES.

FILED SEPTEMBER 18, 1902. No. 11,694.

**Fraudulent Conveyance: DECREE: BASIC JUDGMENT REVERSED:
REVERSAL OF DECREE.** Plaintiff recovered a decree in an action
in the nature of a creditors' bill, setting aside an alleged
fraudulent conveyance of real estate made by the judgment
debtor, and directing a sale of the property to satisfy the
judgment. Pending an appeal in the equity action the judg-
ment which formed the basis of the suit was on error pro-

(711)

ceedings reversed by this court. *Held*, That the decree rendered in the action in the nature of a creditors' bill is without support for want of a valid judgment as its foundation, and that such decree should be reversed and the action dismissed.

APPEAL from the district court for Dodge county. Heard below before GRIMISON, J. *Reversed.*

*Frank Dolezal,* for appellant.

*Fayette I. Foss, Courtright & Sidner, Ben V. Kohout* and *R. D. Brown, contra.*

HOLCOMB, J.

This cause comes here by appeal as distinguished from proceedings in error. The action begun in the trial court was one in equity in the nature of a creditors' bill for the purpose of subjecting certain real estate to the satisfaction of a judgment held by the plaintiff in that action, which real estate it was alleged was transferred by the judgment debtor in fraud of the rights of his creditors, and especially the plaintiff in the action. After issues were formed, and a trial had in the district court, a decree was rendered directing the sale of the land in satisfaction of the judgment held by the plaintiff, subject to the homestead right of the judgment debtor. From such decree both the judgment debtor and the plaintiff prosecute an appeal. A motion by the appellant, the judgment debtor, has been filed to vacate and annul the decree and dismiss the action because during its pendency in this court the judgment on which such proceedings were instituted, and for the satisfaction of which the action is prosecuted, has been by this court reversed and annulled. The motion and the appeal on its merits have been submitted for consideration and determination together.

The judgment which is made the foundation and on which the creditors' suit is dependent has been reversed and vacated by this court in an action by proceedings in error. *Fiala v. Ainsworth,* 63 Nebr., 1. The appeal brings the whole cause to this court for a trial *de novo.* The rule

is well established in this jurisdiction that an action in the nature of a creditors' bill to set aside a fraudulent conveyance of real estate can, ordinarily, be maintained only by a judgment creditor after reducing his claim to judgment. *Weil v. Lankins,* 3 Nebr., 384; *Johnson v. Parrotte,* 46 Nebr., 51; *Missouri, Kansas & Texas Trust Co. v. Richardson,* 57 Nebr., 617. The judgment in the main action, and on which the creditors' suit depended, having been reversed, there is now no judgment which can form the basis for an equity action in the nature of a creditors' bill for the purpose of having such judgment paid and satisfied. The judgment is now as though it had been satisfied, or was a mere nullity; and it will not, after its reversal, support a decree of any kind in the dependent action. With the annulling of the judgment the ancillary proceedings instituted for the purpose of enforcing its collection and satisfaction must also fail. This is the logic of all the decisions where similar questions are presented to an appellate court for its consideration. *Troup v. Horbach,* 62 Nebr., 564; *Horbach v. Troup,* 53 Nebr., 811; *Harte v. Castetter,* 38 Nebr., 571; *Clough v. Buck,* 6 Nebr., 343; *Butler v. Eaton,* 141 U. S., 240; 3 Cyclopedia Law & Procedure, 460, and authorities cited. See, also, *Miller & Co. v. Melone,* 56 L. R. A. [Okla.], 620.

For the reasons stated, it must follow, the decree appealed from being in a dependent action and the judgment on which it depends having been reversed, that the decree also must be vacated and the action dismissed, which is accordingly done.

REVERSED AND DISMISSED.