## MUTUAL LIFE INS. CO. OF NEW YORK v. LIPP.

Circuit Court of Appeals, Ninth Circuit.
October 29, 1928.

No. 5478.

McCamant & Thompson and Ralph H. King, all of Portland, Or., for appellant.

Wm. T. Stoll and J. W. McInturff, both of Marshfield, Or., and H. F. McInturff, of Portland, Or., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge. Appellant, the Mutual Life Insurance Company of New York, issued two policies of insurance on the life of one John A. Lipp, husband of the appellee, Bertha E. Lipp. After duly submitting proofs of the death of the insured, appellee brought separate suits on the policies, one in a state court of Oregon and the other in the United States District Court in that° state. Substantially the only issue in both cases was of the death of the insured. Trial was first had of the case in the state court, resulting in a judgment for appellee, from which the insurance company took an appeal to the state Supreme Court. Subsequently, upon the trial in the federal court, this judgment was offered as evidence of the death of the insured, and the court having accepted it as conclusive of that issue, gave plaintiff judgment, from which the insurance company took an appeal to this court. This appeal was allowed and citation issued on

March 19, 1928. While it was pending the Supreme Court of Oregon, on May 22, 1928 (267 P. 519), reversed the first judgment for errors in the reception of evidence and ordered a new trial. Upon the going down of the mandate the insurance company, in a petition filed here, set up the fact and prayed for a reversal upon that ground alone.

Admittedly the sole basis for the judgment below was the judgment in the state court, which has now become a nullity, and it cannot be doubted that had jurisdiction of the cause not been transferred from the District Court to this court by the pending appeal, the District Court would either upon motion for a new trial, or a bill of review, or some other appropriate proceeding, have felt constrained to set aside the judgment. No good reason is apparent why we should not direct to be done that which we might authorize the District Court upon appropriate application to do. Upon a record in all material respects identical, this court granted such relief in Hennessy v. Tacoma S. & R. Co., 129 F. 40, and under conditions closely analogous like action was taken by the Circuit Court of Appeals for the Eighth Circuit in Ransom v. City of Pierre, 101 F. 665. While it is true that in Butler v. Eaton, 141 U. S. 240, 11 S. Ct. 985, 35 L. Ed. 713, the reversal relied upon for relief was in the same court in which the relief was sought, we think the underlying principle announced is applicable. The fact of reversal by the Supreme Court of Oregon is undisputed and indisputable, and is brought to our knowledge in an authentic manner. In Watts, Watts & Co. v. Unione Austriaca, etc., 248 U. S. 9, 39 S. Ct. 1, 63 L. Ed. 100, 3 A. L. R. 323, the Supreme Court took cognizance of conditions outside of its own records, and in granting the relief against a judgment held to be right when it was entered, the court there said (page 21 of 248 U. S. [39 S. Ct. 2]):

"This court, in the exercise of its appellate jurisdiction, has power not only to correct error in the judgment entered below, but to make such disposition of the case as justice may at this time require. Butler v. Eaton, 141 U. S. 240 [11 S. Ct. 985, 35 L. Ed. 713]; Gulf, Colorado & Santa Fé Ry. Co. v. Dennis, 224 U. S. 503, 506 [32 S. Ct. 542, 56 L. Ed. 860]. And in determining what justice now requires the court must consider the changes in fact and in law which have supervened since the decree was entered below. United States v. Hamburg-Amerikanische Packetfahrt-Actien Geselischaft, 239 U. S. 466, 475, 478 [36 S. Ct. 212, 60 L. Ed. 387]; Berry v. Davis, 242 U.

S. 468 [37 S. Ct. 208, 61 L. Ed. 441]; Crozier v. Krupp, 224 U. S. 290, 302 [32 S. Ct. 488, 56 L. Ed. 771]; Jones v. Montague, 194 U. S. 147 [24 S. Ct. 611, 48 L. Ed. 913]; Dinsmore v. Southern Express Co., 183 U. S. 115, 120 [22 S. Ct. 45, 46 L. Ed. 111]; Mills v. Green, 159 U. S. 651 [16 S. Ct. 132, 40 L. Ed. 293]; The Schooner Rachel v. United States, 6 Cranch, 329 [3 L. Ed. 239]; United States v. The Schooner Peggy, 1 Cranch, 103, 109, 110 [2 L. Ed. 49]."

Appellee's chief reliance is on Deposit Bank v. Board of Councilmen, 191 U. S. 499, 24 S. Ct. 154, 48 L. Ed. 276, but we do not think that decision is necessarily inconsistent with Butler v. Eaton, supra, or rules the instant case. The decree of the federal court there held to constitute a judicial estoppel had in fact never been reversed or modified, and being actually outstanding, its validity, a majority of the court held, could not be collaterally challenged merely because an earlier judgment of the state court which it followed, and upon which it was based, had been reversed.

Accordingly, we feel constrained to hold that, though the judgment below was correct when rendered, it should be vacated and a new trial granted. But under the circumstances the appellant should pay the costs of this appeal (see E. I. Du Pont de Nemours & Co. v. Richmond Guano Co. [C. C. A.] 297 F. 580, 585), and it will be so ordered.