## GOESS v. A. D. H. HOLDING CORPORATION et al.

District Court, S. D. New York.

July 8, 1937.

Conboy, Hewitt, O'Brien & Boardman, of New York City (John Vance Hewitt and Hobart L. Brinsmade, both of New York City, of counsel), for plaintiff.

Hays, Wolf, Kaufman & Schwabacher, of New York City (Myron S. Isaacs, of New York City, of counsel), for defendant Benveneda B. Davis.

HULBERT, District Judge.

Plaintiff sues to recover from the defendant Benveneda B. Davis $500 with interest from December 20, 1934, upon an assessment levied by the Comptroller of the Currency of the United States pursuant to Revised Statutes, § 5151, title 12 U.S.C.A. § 63.

Mrs. Davis had acquired five shares of the capital stock in the Harriman National Bank & Trust Company of the City of New York in October, 1930, for which she paid $7,560.

In September, 1932, she claims to have discovered that the representations made by the president and other officers of the bank upon which she was induced to buy said stock were false and fraudulent and thereupon rescinded said purchase and tendered and retendered the stock which the bank did not accept. She then brought an action at law in the New York Supreme Court, New York County, on November 3, 1932, and recovered a judgment, after trial, on December 24, 1936, for the sum of $8,518.03.

The Harriman National Bank closed its doors on March 3, 1933, and never reopened. A conservator was appointed March 13, 1933, the receiver on October 16, 1933, and, after the determination of insolvency, the assessment in question was levied on November 13, 1934.

The action at bar was instituted on December 5, 1935, and issue was joined as to the defendant Davis January 28, 1936, by the service of an answer which denied, inter alia, that she was a shareholder of the cap-

ital stock in the bank and that a liability had been imposed upon her by the laws of the United States, and set up as a separate defense that the sale of said stock had been made by false and fraudulent representations and further set forth the commencement and pendency of the said state court action.

The defendant Davis now moves, upon affidavits and the pleadings and judgment in that action, for an order dismissing the complaint and directing judgment in her favor upon the ground that the instant suit has no merit and urges that the state court judgment is res adjudicata.

Both counsel place strong reliance upon the decision of the United States Supreme Court in Oppenheimer v. Harriman National Bank & Trust Co., et al., 301 U.S. 206, 57 S.Ct. 719, 724, 81 L.Ed. 1042, which involves a somewhat similar sale of stock.

In that case the plaintiff bought ten shares on November 1, 1930, for $15,120. He received thereafter $525 in dividends and sold two shares for $2,408, and on May 6, 1933 (two months after the bank had closed), he gave the bank notice of rescission, tendered it the certificate, and demanded that his account be credited with the amount of his payment less the sums he had received as dividends and from the sale of the two shares. The bank rejected his demand, whereupon he brought suit for $12,187 with interest and costs. The bank set up the defense of ratification after the knowledge of fraud and laches. Oppenheimer had paid the assessment made against him as stockholder and did not challenge its validity nor did he seek repayment thereof.

Mr. Justice Butler, speaking for the court, stated: "While stockholders' liability may not be enforced before insolvency and assessment by the comptroller, we assume without deciding that plaintiff's position is the same as if the bank's insolvency had been declared and a receiver appointed before he rescinded. Plaintiff appeared by the bank's records to be a stockholder and, as against creditors for whose benefit the statutory liability was created, was estopped from denying that status. Recognizing that the bank's fraud and his rescission availed nothing against the comptroller's assessment, plaintiff paid the amount laid against him. The judgment he seeks would establish his right to have the bank pay, because wrongfully obtained from his deposit, the amount for which this suit is brought. And, having fully paid his liability to the creditors, there is no reason why his claim should be subordinated to claims of stockholders on account of their deposit balances when the bank failed."

The defendant Davis claims to have rescinded on the day that she brought her state court action, and the judgment in that action necessarily determined that fact as of the date of the commencement thereof and is res adjudicata as to the issues therein litigated. Butler v. Eaton, 141 U.S. 240, 11 S. Ct. 985, 35 L.Ed. 713.

But it is contended by plaintiff that while the *tender* made by the defendant Davis was held to be sufficient to sustain the recovery of a verdict of damages for fraud, it has not been shown that she made such efforts to have the stock transferred out of her name as would relieve her of the special and peculiar liability which the Congress has sought to impose for the benefit of creditors under the statute here involved.

In Goess v. A. D. H. Holding Corporation et al., 2 Cir., 85 F.2d 72, at page 74, however, Judge Swan said: "It is settled that a shareholder may not avoid the statutory liability for assessment by rescinding after the bank's 'failure,' which we understand to mean insolvency. * * * But so far as we are advised no decision has held that a rescission demanded prior to the bank's insolvency and taking over by the comptroller is not a defense to an action for the assessment. On principle it should be."

■ While it appears that the expression above quoted was obiter dicta in that case, I feel it should be applied here as a sound principle of reason and accordingly grant the motion.

■ It was urged by the plaintiff that the disposition of this motion should be deferred until an appeal taken from the state court judgment can be heard at the October term, which I have declined to do upon the authority of Butler v. Eaton, supra. Cf. Ransom v. City of Pierre, 8 Cir., 101 F. 665, 671; Parkhurst v. Berdell, 110 N.Y. 386, 392, 18 N.E. 123, 6 Am.St.Rep. 384.

Settle order on notice.