IN THE MATTER OF BERTHA BRECKWOLDT, DECEASED.

Decided October 4, 1956.

*Mr. Jerome C. Eisenberg* argued the cause for appellant, Dougal Herr (*Messrs. Eisenberg* and *Spicer* on the brief).

*Mr. Morris M. Schnitzer* argued the cause for the appellant residuary legatees (*Messrs. Kasen, Schnitzer* and *Kasen* on the brief).

.. *Mr. James A. Major* argued the cause for the substituted trustee, Gerald E. Monaghan.

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J. This is an appeal by Dougal Herr, as executor of the will of Bertha Breckwoldt, deceased, and the four residuary legatees named in the decedent's will, the Fritz Reuter Altenheim Memorial Day Nursery, Mary Stevens Hammond Memorial Home, and St. Joseph's Home for the Blind, all charitable corporations, from two orders of the Chancery Division (Grimshaw, J. S. C.) entered on November 9 and November 14, 1955. The earlier of the two orders removed Dougal Herr as executor and vacated the letters testamentary issued to him, and also removes him as a trustee of the trust created under the will of Bertha Breckwoldt for the benefit of the four residuary legatees. That order also restrained Herr from attempting to further exercise the offices of executor and trustee and from making any distribution of the assets of the estate. The order of November 9 also contained a 10-day stay in respect of the removal "to permit an application to be made to the appropriate tribunal for a continuation of the said stay." The order of November 14 appointed another person as administrator *c. t. a.* and as substituted trustee. This order directed Herr to forthwith turn over to the substituted administrator all property in his hands.

We certified the matter on our own motion while it was pending in the Appellate Division.

The will of Bertha Breckwoldt was made in 1940 and in it she appointed Dougal Herr sole executor and trustee. She died on April 10, 1954. Certain specific legacies, aggregating $24,000, were made to four persons. The will was attacked on grounds of lack of testamentary capacity and undue influence. On the date fixed for the trial of these issues, a settlement was reached between those interested in sustaining the will and the next of kin opposed to the will. By that settlement $110,000 became payable to the objectors to the probate. $10,000 of that amount was paid to the attorneys for the objectants. The terms of the settlement were submitted to and approved by the court. The *caveat* was then withdrawn and the will proved in solemn form

and letters issued to Dougal Herr. Judge Grimshaw, before whom the will was proven, thereafter directed the depositions of William A. Kaufmann, a member of the bar of this State and a former partner of Dougal Herr, to this court. On April 25, 1955 we directed Judge Grimshaw to conduct a hearing on accusations made concerning the misconduct of Dougal Herr in the handling of matters for Bertha Breckwoldt. Thereafter an order to show cause issued out of this court directing said Herr to show cause why he should not be disciplined. Our opinion in that proceeding, *In the matter of Dougal Herr, an attorney and counselor-at-law,* finding Herr guilty of unethical conduct, is being filed simultaneously with this opinion (22 *N. J.* 276).

Judge Grimshaw, sitting in the Chancery Division, on his own motion entered the order to show cause why Herr should not be removed as executor and trustee, and after argument on the motion ordered his removal and the appointment of a successor. Two points are made on the appeal. First, the evidence of wrongdoing, which is the basis for the executor's removal, was adduced in a separate disciplinary proceeding; the appellants contend that basing the present order thereon deprives the executor of his constitutional right to a hearing. Secondly, the appellants, Herr and certain charitable trusts which are the sole remaining beneficiaries of undistributed assets of the estate, contend that even if notice may be taken of the evidence presented in another proceeding, no need has been shown for the removal of the executor.

The evidence of the executor's malfeasance was taken before Judge Grimshaw sitting as a master upon reference by the Supreme Court. It appears that although the hearing was *in camera,* Herr was represented by counsel who cross-examined the witnesses against him. The record in that proceeding is not included in the appendix on this case, but was before us in our consideration thereof. It appears therein that Judge Grimshaw concluded that "Mr. Herr had for a period of years manipulated Breckwoldt's assets for his own benefit." In the removal proceedings, counsel ap-

pointed by the court to argue in favor of removal asked Judge Grimshaw to file in those proceedings the record taken in the disciplinary proceedings. The request was denied on the ground that the record had been transmitted to the Supreme Court and was under its exclusive control.

Technically, since the record of the disciplinary hearing was before the Supreme Court, a motion should have been made to have the court remand the record for consideration by the Chancery Division. But the records in both proceedings are now before this court. The court in the exercise of its original jurisdiction can take judicial notice of the court record in the prior proceeding. See *In re Selser,* 15 *N. J.* 393 (1954); *cf. Sewell v. Johnson,* 165 *Cal.* 762, 134 *P.* 704 (*Cal. Sup. Ct.* 1913); *Butler v. Eaton,* 141 *U. S.* 240, 11 *S. Ct.* 985, 35 *L. Ed.* 713 (1891); *North Bergen Township of Hudson County v. Luckenbach Terminals, Inc.,* 129 *N. J. Eq.* 387 (*Ch.* 1941). See also cases cited 9 *Wigmore on Evidence* (1940), § 2579, *n.* 2. Since the record is an official document and since the witnesses whose testimony is recorded were subject to cross-examination at the time they testified, there would seem to be no substantial hearsay problem. In any event, Judge Grimshaw's relying on the testimony which he heard as master rather than requiring a new hearing of the same testimony before him as judge was not so prejudicial as to constitute a violation of due process.

The Chancery Division has statutory power to remove an executor under *N. J. S.* 3A:11-4 if he has "embezzled, wasted or misapplied any part of the estate committed to his custody, or has abused the trust and confidence reposed in him"; (*N. J. S.* 3A:11-4(c)). See *In re Koretzky's Estate,* 8 *N. J.* 506 (1951). The duties which Herr violated were due to an *inter vivos* trust and his removal is sought from his position as executor and trustee of a decedent's estate; but it would seem that malfeasance in the one office is inconsistent with continuance in the other. See 1 *Scott on Trusts* (1939), § 107, *p.* 557; *cf. Wylie v. Bushnell,* 277 *Ill.* 484, 115 *N. E.* 618 (*Sup. Ct.* 1917) (where the same

person is executor and trustee evidence of his misconduct as administrator is admissible in a suit to remove him as trustee.) But cf. *In re Hazeltine's Estate,* 13 *N. J. Misc.* 152 (*Orph. Ct.* 1934), reversed 119 *N. J. Eq.* 308 (*Prerog.* 1936).

The charities which are the sole remaining beneficiaries interested in the distribution of assets of the estate appeal from the order of removal on the ground that there is nothing left to do but to distribute the remaining assets. The Chancery Division, however, specifically provided that its order should be without prejudice to their right to apply for further distribution.

The order of removal is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices BURLING, JACOBS and BRENNAN—4.

*For reversal*—Justices HEHER, OLIPHANT and WACHEN-FELD—3.