Harvey H. ALLEN and Simona A. Allen, Plaintiffs,

v.

STATE BOARD OF EDUCATION OF NORTH CAROLINA et al., Defendants.

No. C–79–WS–68.

United States District Court, M. D. North Carolina, Winston-Salem Division.

April 3, 1972.

---

Norman B. Smith, Greensboro, N. C., for plaintiffs.

Robert Morgan, Atty. Gen. of North Carolina, and Andrew A. Vanore, Jr., Raleigh, N. C., Staff Atty., for defendants State Board of Education and State Superintendent of Public Instruction, Raleigh, N. C.

W. F. Womble and John L. W. Garrou, Winston-Salem, N. C., for defendants Winston-Salem/Forsyth County Board of Education and City of Winston-Salem, N. C.

Paul Eugene Price, Jr., Winston-Salem, N. C., for defendant Board of County Commissioners of Forsyth County.

## MEMORANDUM ORDER

GORDON, Chief Judge.

The original complaint in this action was filed on June 10, 1968. The complaint was amended and the amendment as allowed was filed on March 26, 1970. The defendant Winston-Salem/Forsyth County Board of Education moved for partial summary judgment on March 18, 1971, to dismiss the action with regard to any claim which might affect the validity of the twenty-four million eight hundred thousand dollar bond issue authorized on March 16, 1968. The motion of March 18, 1971, was granted on May 6, 1971, and after appeal was affirmed on September 13, 1971, by the United States Court of Appeals for the Fourth Circuit, Allen v. State Board of Education, 447 F.2d 960 (4th Cir. 1971). A petition for the writ of certiorari to the Supreme Court of the United States was filed, and has been denied. 405 U.S. 920, 92 S.Ct. 948, 30 L.Ed.2d 790 (1971).

On April 22, 1970, the defendants City of Winston-Salem and the Winston-Salem/Forsyth County Board of Education moved for summary judgment and to dismiss the action. On July 10, 1970, the defendant Board of County Commissioners of Forsyth County moved for summary judgment and to dismiss the action.

### I.

The plaintiffs herein, Harvey H. Allen and Simona Atkins Allen, were substituted as plaintiffs by order en-

tered on March 26, 1970, upon their motion filed on January 21, 1970. That motion, which had been foreseen by the United States Court of Appeals for the Fourth Circuit, Atkins v. State Board of Education, 418 F.2d 874 (4th Cir. 1969), prayed that the Allens be substituted as plaintiffs upon behalf of themselves and their children who attend the public schools of Winston-Salem/Forsyth County, and upon behalf of all other Negro parents in North Carolina, as a class, and through them, upon behalf of all Negro children in North Carolina who are the children of said parents. However, in their complaint the substitute plaintiffs allege themselves to be not only parents of Negro children, but also to be taxpayers. Insofar as the Allens allege themselves to be taxpayers, and allege themselves to be the representatives of a class of taxpayers, they have no standing to bring this action. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Doremus v. Board of Education, 342 U.S. 429, 72 S.Ct. 394, 96 L. Ed. 475 (1952); Frothingham v. Mellon, 262 U.S. 447, 88 S.Ct. 597, 69 L.Ed. 1078 (1923). Further, insofar as the plaintiffs complain on their own behalf and not upon behalf of their children, as the natural guardians thereof, they must also be held to lack standing. McCabe v. Atchison, T. & S. F. R. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169 (1914); Cf. Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512, 514 (1962). See also Judge Stanley's Memorandum Opinion entered earlier in this litigation, Atkins v. State Board of Education of North Carolina, M.D.N.C. December 31, 1968, C–49–WS–68. As to the unquestioned standing of the Allens to bring this action as natural guardians for their own children, their appointment as guardians ad litem would be a needless formality.

■ Before considering the main point of this action, one quite novel part of the relief prayed ought to be considered separately. In Sections 1(c) and 2(d) of their prayer for relief, in the amended complaint, the plaintiffs pray that the Court declare the use of public funds to defend "segregated schools, dual school systems, school systems with uncorrected effects of segregations and separate educational facilities . . ." in violation of the Constitution of the United States, and either to require the defendants to deposit with the Clerk of this Court an amount equal to that amount paid in fees and legal expenses in this controversy or to enjoin the defendants from any further payment from public funds for legal expenses or attorney's fees. The plaintiffs do not appear to have discovered any authority for this proposition, nor can this proposition be inferred from any authority known to this Court. To require the sovereign to prepay the legal expenses of its opponent in civil actions, would be to allow costs to a potential losing party in a situation in which costs are not normally allowed even to the prevailing party. 6 Moore's Federal Practice PP 54.-77(2) (4th ed. 1971). See Oelrichs v. Spain, 82 U.S. 211, 15 Wall. 211, 21 L. Ed. 43 (1872); Maryland Casualty Co. v. United States, 108 F.2d 784 (4th Cir. 1940); Brewer, et al. v. Norfolk School Board, et al., 456 F.2d 943 (4th Cir. 1972). This claim for relief must be disallowed and dismissed as to all defendants.

## II.

It would appear that both the original and the substitute plaintiffs in this action sought the desegregation of the public schools, under the administration and control of the Winston-Salem/Forsyth County Board of Education, through the means of the purposeful selection of sites for new school construction and for additions and repairs of the existing schools, to the end of promoting the racial integration of all public schools. To this end, the plaintiffs herein sought also to enjoin the

disbursement to the Winston-Salem/Forsyth County Board of Education of any State or Federal funds for the continued maintenance of an allegedly dual school system. Further, the plaintiffs sought as an additional relief the improvement in the neighborhoods of the several identifiable Negro schools.

 This case is similar to another action filed subsequent to the original complaint herein by Catherine Scott, which sought the same result though praying for different relief, and which is reported as Scott v. Winston-Salem/Forsyth County Board of Education, 317 F.Supp. 453 (M.D.N.C.1970); vacated, sub nom. Adams, et al. v. School District Number 5, Orangeburg County, South Carolina, et al., 444 F.2d 99 (4th Cir. 1971); cert. den. sub nom. Scott v. Winston-Salem/Forsyth County Board of Education, 404 U.S. 912, 92 S.Ct. 230, 30 L.Ed.2d 186 (1971). Several of the defendants therein are defendants here. Both *Scott* and *Allen* were filed as class actions under Rule 23 of the Federal Rules of Civil Procedure, the class consisting of Negro children deprived of the equal protection of the laws. Moreover, this portion of the class herein alleged alone has standing in this action. The great similarity of these two controversies prompted the United States Court of Appeals for the Fourth Circuit to suggest the possibility of the consolidation of the two actions. Allen v. State Board of Education, *supra*. While the Court declined to consolidate the two actions, by order of November 2, 1971, in accordance with the clear authority of Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713 (1891), this Court takes judicial notice of its own decisions and findings of fact in Scott v. Winston-Salem/Forsyth County Board of Education, *supra*.

 In Scott, after the remand with instructions, the Winston-Salem/Forsyth County Board of Education was ordered to desegregate its school system, and to submit a plan by which it intended to accomplish this goal immediately. Adams, et al. v. School District Number 5, Orangeburg County, South Carolina, et al., *supra*. Such a plan was submitted to and approved by this Court, and thereafter implemented in full beginning with the opening of school in September, 1971. This action by the Winston-Salem/Forsyth County Board of Education fully and completely eliminated the segregated dual system within this County. There no longer exists, within Winston-Salem and Forsyth County, Negro schools, schools identified or identifiable as Negro schools, or schools with a majority of Negro students or with a significantly disproportionate minority of Negro students. Although this result was reached by means other than the means proposed by the plaintiffs herein, the required result, nevertheless, has been reached. The plaintiffs, therefore, have no further claim for relief against any of the defendants with regard to the desegregation of the schools. The schools in the Winston-Salem/Forsyth County System simply are no longer segregated. The relief sought by the plaintiffs has been secured upon their behalf as members of the class alleged and held to have been represented by Catherine Scott. This action must, therefore, be dismissed as to the Winston-Salem/Forsyth County Board of Education, inasmuch as this action seeks no other relief available from the said Board of Education. The remaining relief is available only from the defendants other than the Winston-Salem/Forsyth County Board of Education.

 Other than the desegregation of the public schools, the plaintiffs herein seek, in Section (2)(e) of their amended complaint, that the Court order that a plan be submitted and thereafter be implemented by which the unwholesome environment surrounding Negro schools be eliminated. As hereinbefore mentioned, this Court must take, and has taken, judicial notice that there are no Negro schools in Winston-Salem. While the

aesthetic qualities of certain schools differ, perhaps in some cases considerably, children of both races attend all these schools, and no correlation can be found between the aesthetic environment of a school and the race of those there attending. No racial discrimination may be found through which the plaintiffs and the class alleged by them to be represented herein are deprived of the equal protection of the laws. This claim to relief, as with the others, must be dismissed.

There is no other relief which the plaintiffs herein seek from those defendants herein moving this Court to dismiss this action. Therefore, as to the defendants, the City of Winston-Salem, North Carolina; the Winston-Salem/Forsyth County Board of Education; and the Board of County Commissioners of Forsyth County, this action must be dismissed.

The defendants, State Board of Education of North Carolina and Dr. A. Craig Phillips, Superintendent of Public Instruction, moved on June 19, 1968, that this Court dismiss this action. With regard to the action upon the original complaint, that motion was granted by Judge Stanley on December 31, 1968. This judgment was vacated by the United States Court of Appeals for the Fourth Circuit. The defendants, State Board of Education of North Carolina, and Dr. A. Craig Phillips, have not since moved this Court to dismiss the amended complaint, and are, therefore, not before the Court.

For the foregoing reasons, it is ordered and adjudged that the motions by the defendants, The City of Winston-Salem, North Carolina; the Winston-Salem/Forsyth County Board of Education; and the Board of County Commissioners of Forsyth County, to dismiss this action for failure to state a claim upon which relief may be granted be, and hereby are, granted, and this action is dismissed as to these defendants.