FUIFATU SEFO PATAU, Plaintiff

v.

ROSENDAHL CORPORATION, a corporation;
PTE CORPORATION, a corporation; UNIVERSITY
INDUSTRIES INC., a corporation; and RALSTON
PURINA COMPANY, a corporation, Defendants

High Court of American Samoa
Trial Division

CA No. 29-89

March 14, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, William H. Reardon and Donald F. Hildre
For Defendant Ralston Purina, Robert A. Dennison III and Bruce J. Barron

*Factual Background*

Plaintiff was injured on March 21, 1987. On March 21, 1988, he filed an action in the San Diego Federal District Court. On March 22, 1989, he filed an identical action in the High Court of American

Samoa. In August 1989, the complaint in San Diego against the defendant Ralston Purina was dismissed with prejudice for failure to prosecute. Ralston Purina, then relying on the San Diego dismissal as res judicata to bar the plaintiff's suit in Samoa, successfully moved this Court on October 19, 1989, to dismiss plaintiff's complaint. On January 10, 1990, the Federal District Court amended its order of dismissal, adding the following final sentence: "This Order dismissing this action with prejudice is not meant to be a determination on the substantive merits of this action but, rather, merely an order barring any further amendment of this action in federal court."

## Discussion

The Federal District Court relied on F.R.C.P. Rule 60(a), which allows the correction of errors and omissions in court orders. That court apparently modified its order after becoming aware that under F.R.C.P. Rule 41(b) a dismissal with prejudice for failure to prosecute is an adjudication on the merits unless the court "otherwise specifies". Because the court neglected to "otherwise specify," its earlier dismissal appeared facially to be an adjudication on the merits. The court remedied its oversight in its January 10, 1990, amendment. In the order pronouncing the amendment, the District Court Judge noted that when issuing the dismissal with prejudice, he "did not intend the dismissal to be a determination on the merits or to affect in any way a concurrent action that was proceeding in the state court of Samoa." The intent of the dismissal with prejudice was "to simply bar the plaintiff from any further amendment in federal court while not affecting the concurrent action in the Samoan court." The District Court thus made quite clear that the earlier order was not intended to be an adjudication on the merits and in the future could not be so construed.

In light of this amendment, plaintiff moves for relief from the order of dismissal in American Samoa. T.C.R.C.P. Rule 60 governs relief from orders. Subsection (b) provides a list of circumstances in which a court may relieve a party from an order, including in subparagraph 5 "a prior judgment upon which [the order] is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Although T.C.R.C.P. Rule 60(b)(5) is arguably not applicable to this situation, which involves an amendment and not a reversal or vacation, the effect of the San Diego Court's amended order has been the complete removal of the very premise on which this Court's order was based. In light of the modified

80

order, it hardly seems equitable or rational to give the original San Diego order prospective application; its amendment brings it within the spirit if not the letter of (b)(5). "If the judgment in the first case is reversed and the basis for the judgment in the second case is thus removed, then the appellate court should also reverse the second judgment." 7 Moore's Federal Practice ¶ 60.26[3] (2d ed. 1985). The Supreme Court followed this rule in *Butler v. Eaton*, 141 U.S. 240 (1891). In that case, the Massachusetts Supreme Court decided in favor of the defendant. The federal court based a subsequent decision on the Massachusetts judgment. The United States Supreme Court overruled the Massachusetts judgment and then overruled the later federal judgment as well since its legs had been cut out from under it. While this case did not address the exact factual situation at bar, the principle is the same.

As additional grounds justifying relief from a judgment, T.C.R.C.P. Rule 60(b)(6) contains the catch-all provision specifying "any other reason justifying relief from the operation of the judgment." The very unusual circumstances before us seem to meet this test.

The defendant contends that 60(b) is applicable only in exceptional or even extraordinary circumstances. Without addressing the applicability of this standard to T.C.R.C.P. Rule 60(b), we note that the facts of this case rise to this standard. Plaintiff thus qualifies for relief under either T.C.R.C.P. Rules 60(b)(5) or 60(b)(6). Even if relief is not appropriate under (b)(5), it certainly comes within the ambit of (b)(6), the catch-all provision, simply because it would be patently unfair to deny the plaintiff an opportunity to litigate his claim solely because the San Diego Court neglected to include one sentence in its August 1989 order of dismissal, which it then later rectified. To deny plaintiff the relief he seeks here would create extreme hardship, as it would be tantamount to summarily denying him any access at all to the courts. On the other hand, we see no genuine hardship to Ralston Purina by allowing plaintiff to proceed on his claim. This defendant's allusions to being put to defend an unmeritorious law suit begs the very question requiring judicial determination.

Additionally, it is of note that the original San Diego dismissal no longer qualifies as res judicata. Res judicata requires "an existing final judgment rendered upon the merits...." 46 Am. Jur. 2d *Judgments* § 394 at 558 (1969). Since the dismissal in San Diego has now been explained as not being a dismissal going to the merits, there is no basis for our order previously grounded on the doctrine of res judicata. To

81

deny the plaintiff his day in court because the action in American Samoa happened to be dismissed before the District Court Judge noticed and modified his error would not only be unjust but offensive to common sense. Our order of dismissal heretofore entered October 19, 1989, is vacated.

It is so Ordered.