Opinion issued December 8, 2005








   






In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01116–CV




INA WATSON, Appellant

V.

HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee




On Appeal from 334th District Court 
Harris County, Texas
Trial Court Cause No. 2004–25165
 

 

MEMORANDUM OPINION

          Appellant, Ina Watson, appeals a summary judgment granted in favor of
appellee, Houston Independent School District (“HISD”). HISD’s motion for
summary judgment was based solely on the affirmative defense of res judicata. In
support of its motion, HISD proved that it had previously obtained a summary
judgment against Ina’s husband, Frank Watson, in another lawsuit.


 HISD asserted
that the earlier summary judgment against Frank should be given preclusive effect
with respect to Ina’s claims. 
          HISD noted in its motion for summary judgment that Frank had appealed the
earlier judgment to the Fourteenth Court of Appeals. Citing Scurlock Oil v.
Smithwick, 724 S.W.2d 1, 6 (Tex. 1986), HISD contended that the earlier judgment
retained its preclusive effect while Frank’s appeal was pending. Before the
Fourteenth Court of Appeals issued its opinion in Frank’s appeal, the trial court
granted HISD’s motion for summary judgment against Ina based on the preclusive
effect of the earlier judgment against Frank. Ina then filed the instant appeal. 
          On August 9, 2005, the Fourteenth Court of Appeals issued its opinion in
Frank’s appeal. The court reversed the summary judgment against Frank and
remanded the cause to the district court for further proceedings.


 See Watson v.
Houston Indep. Sch. Dist.,No. 14–03–01202–CV, 2005 WL 1869064, *7 (Tex.
App.—Houston [14th Dist.] Aug. 9, 2005, no pet.). That reversal changes the
complexion of this appeal. Accordingly, we examine the effect of the reversal on
HISD’s res judicata defense.
          To establish its affirmative defense of res judicata, HISD was required to show
that the earlier judgment against Frank was a final judgment on the merits rendered
by a court of competent jurisdiction. See Amstadt v. United States Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996) (listing elements of res judicata). The earlier judgment
against Frank is no longer a final judgment because a reversed judgment is generally
nullified, leaving it as if it had never been rendered other than as to further rights of
appeal. See Flowers v. Flowers, 589 S.W.2d 746, 748 (Tex. Civ. App.—Dallas 1979,
no writ). 
          This Court has previously concluded that, when an appellate court reverses the
first judgment, the finality necessary for claim or issue preclusion is eliminated. J.J.
Gregory Gourmet Servs., Inc. v. Antone’s Imp. Co., 927 S.W.2d 31, 34 (Tex.
App.—Houston [1st Dist.] 1995, no writ); see Frazin v. Hanley, No.
05–03–00014–CV, 2004 WL 516168, at *1–2 (Tex. App.—Dallas Mar. 27, 2004, no
pet.) (mem. op.) (reversing summary judgment based on res judicata and other
defenses derived from preclusive effect of earlier judgment because earlier judgment
had been reversed on appeal). As was recognized by the Scurlock Oil court, “[a]
judgment in a second case based upon the preclusive effects of a prior judgment
should not stand if the first judgment is reversed.” 724 S.W.2d at 6 (citing Butler v.
Eaton, 141 U.S. 240, 243, 11 S. Ct. 985, 986–87 (1891)). 
          Because the earlier judgment, on which HISD relies, has been reversed, the
summary judgment rendered against Ina cannot stand. Frazin, 2005 WL 1869064,
at *1–2. We hold that, at this time, HISD cannot assert the affirmative defense of res
judicata, as derived from the earlier summary judgment against Frank, to defeat Ina’s
claims. We reverse the judgment of the trial court and remand this case for further
proceedings.



                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Nuchia, Jennings, and Higley.