**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: AMERICAN WAGERING, INC., | No. 12-60060 |
| Debtor, | BAP No. 11-1549 |
| MICHAEL RACUSIN, DBA M. Racusin & Company, | MEMORANDUM* |
| Appellant, | |
| v. | |
| AMERICAN WAGERING, INC. And LEROY'S HORSE & SPORTS PLACE, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Hollowell, Bankruptcy Judges, Presiding

Argued and Submitted August 15, 2014
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: McKEOWN and CLIFTON, Circuit Judges, and EZRA, District Judge.[**]

Michael Racusin appeals the Bankruptcy Appellate Panel's decision that he is not entitled to interest under his Settlement Agreement with American Wagering, Inc. ("AWI") from the date AWI interpleaded stock until the date the Ninth Circuit reversed the BAP's decision that Racusin's claim was subordinated—the so called "gap period." We reverse and remand.

The plain language of the Settlement Agreement contemplates interest during the gap period. *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004) (explaining that the plain language of an unambiguous contract controls). The parties agree that § III(7) of the Settlement requires AWI to make cash payments to Racusin. That section also requires AWI to pay eight percent interest per year on the unpaid balance with an "initial payment . . . on the Effective Date of the Restated Amended Plan," March 11, 2005. No terms in the Settlement specifically exclude the gap period from AWI's obligation to pay eight percent interest on the unpaid balance. The plain language of the Settlement therefore provides for gap period interest. *See Royal Indem. Co. v. Special Serv. Supply Co.*, 413 P.2d 500, 502 (Nev. 1966) ("Every word [of a contract] must be given effect if at all

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

possible"). The term "BAP Appeal" in § III(8) says little about the parties' intentions concerning such interest in the unusual circumstances of this case. *See In re Las Vegas Monorail Co.*, 429 B.R. 317, 332 (Bankr. D. Nev. 2010) (explaining that a contract should be "interpreted as a whole without giving undue weight to any particular clause beyond that which [is] reasonable").

The law of interpleader does not preclude gap period interest. AWI did not interplead the full amount that it ultimately owed under the Settlement. *See Michel v. Eighth Judicial Dist. Court*, 17 P.3d 1003, 1007 (Nev. 2001) (per curiam) ("the disputed funds must be tendered to the court *in their entirety*" (emphasis added)). It is immaterial that the BAP's order subordinating Racusin's claim was not stayed while the subordination issue was on appeal to this court. *Butler v. Eaton*, 141 U.S. 240, 244 (1891) (explaining that a judgment reversed by a higher court is "without any validity, force, or effect, and ought never to have existed").

Finally, the bankruptcy court abused its discretion in holding that equity prevents Racusin from obtaining gap period interest. The time it took this court to decide the subordination issue, not Racusin's motion to stay the interpleader, caused the gap period. Racusin caused the gap period only in the sense that he was responsible for appealing the BAP subordination decision to this court. But equity should not punish him for exercising a right to appeal that he expressly reserved in

3

the Settlement, especially as this court ultimately concluded that his appeal had merit. *See Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 82 (9th Cir. 1982) (explaining that an award of interest in a non-statutory interpleader action depends on equitable considerations).

We express no opinion on whether AWI materially breached the Settlement Agreement. We hold only that AWI was required to pay interest during the gap period. Accordingly, we reverse and remand for proceedings consistent with this disposition.

**REVERSED AND REMANDED.**