[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12020

_____

D.C. Docket No. 0:10-cv-62273-RSR

ANAGO FRANCHISING, INC.,

Plaintiff - Appellant,

versus

SHAZ, LLC, ET AL.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 17, 2015)

Before JORDAN, JULIE CARNES, and LINN,[*] Circuit Judges.

PER CURIAM:

_____

[*] The Honorable Richard Linn, United States Circuit Judge for the Federal Circuit, sitting by designation.

Anago Franchising sued Shaz, LLC, and Eco Building Services, LLC, alleging that they breached a settlement agreement that the parties had executed to resolve a prior lawsuit. The district court granted summary judgment in favor of Shaz and Eco, and Anago now appeals. Following review of the record and with the benefit of oral argument, we affirm.[1]

Anago's first argument is that the district court should have given preclusive effect to the findings of fact made by a different federal judge in the prior lawsuit when ruling on Shaz's motion to enforce the settlement agreement. This argument lacks merit because we ultimately held in the prior lawsuit that the district court lacked subject-matter jurisdiction to adjudicate Shaz's motion to enforce the settlement agreement and accordingly vacated the underlying order. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280-81 (11th Cir. 2012). Simply stated, a district court order that has been vacated due to lack of subject-matter jurisdiction does not have any preclusive effect. *See Butler v. Eaton*, 141 U.S. 240, 243-44, 11 S.Ct. 985, 986-87 (1891); *Quarles v. Sager*, 687 F.2d 344, 346 (11th Cir. 1982).

Anago's second assertion is that the district court failed to take judicial notice of (a) the now-vacated order in the prior lawsuit and (b) an order entered by a third district judge in a similar action between Anago and another franchisee.

---

[1] As we write for the parties, we set out only what is necessary to address Anago's arguments.

2

According to Anago, the district court should have judicially noticed the factual findings contained in those two other orders. To the extent that this argument is any different than Anago's initial preclusion argument, it too fails. A district court can take judicial notice of another court's order "only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject-matter of the litigation," and not for the truth of the facts set forth in that order. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).[2]

**AFFIRMED.**

---

[2] For essentially the same reasons, we reject Anago's final argument—that orders entered in the prior lawsuit and in the similar action should have been judicially noticed to create an issue of fact on Anago's alleged damages.