**REVERSE and REMAND and Opinion Filed January 30, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00552-CV**

**WWLC INVESTMENT, L.P., Appellant**
**V.**
**SORAB MIRAKI, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-06552-2019**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

WWLC Investment, L.P. (WWLC) appeals the trial court's grant of summary judgment in favor of appellee Sorab Miraki in this suit involving a commercial lease. In three issues, WWLC originally challenged both substantive grounds for the summary judgment—limitations and res judicata— as well as the evidence offered by Miraki to support his motion. After the parties briefed their positions in this Court, the Texas Supreme Court decided a case related to the one before us. We conclude that the Supreme Court's opinion requires us to reverse the summary judgment and to remand this case to the trial court for further proceedings.

## Background

These parties have been engaged in litigation rooted in the same lease since 2015. According to the lease, WWLC—the landlord—owned the leased premises; Miraki—the tenant—planned to operate a specialty grocery business and restaurant on the premises.

In November 2015, Miraki sued WWLC, urging claims for breach of contract, fraud, violation of the Texas Deceptive Trade Practices Act (DTPA), and unlawful lockout (the Original Lawsuit). Miraki contended that as part of the lease negotiations, WWLC represented that it would make certain repairs to the premises to make it suitable for his business. According to Miraki, WWLC failed to make the promised renovations, causing Miraki significant damage. WWLC did not answer the Original Lawsuit, and the trial court signed a default judgment awarding Miraki $382,543.26 in actual damages, $738,771.60 in punitive damages, and $30,000 in attorney fees.

In December 2015, WWLC filed suit to evict Miraki from the leased premises (the Eviction Lawsuit). This time, WWLC received a default judgment, awarding it possession of the leased premises and back rent.

In June 2017, WWLC filed suit seeking a bill of review (the Bill of Review Lawsuit) that would vacate the default judgment taken against it by Miraki. The suit alleged defective service of the Original Lawsuit. The trial court denied the bill of review, and, in December 2018, this Court did as well. *See WWLC Inv., L.P. v.*

*Miraki*, No. 05-17-01126-CV, 2018 WL 6818650, at \*4 (Tex. App.—Dallas Dec. 28, 2018).

WWLC filed this lawsuit against Miraki in November, 2019, pleading claims for breach of contract and fraud (the 2019 Lawsuit). WWLC alleged that Miraki had never intended to operate a restaurant on the leased premises but had represented that he did in order to obtain cost-free storage for his equipment. WWLC further alleged that as part of this plan, Miraki ripped out improvements made by WWLC and then reported that the work had never been done. Based on this alleged fraudulent concealment, WWLC pleaded reliance upon the discovery rule in an attempt to avoid a defense of limitations.

Miraki did plead the affirmative defense of limitations; he also pleaded that WWLC's claims were barred by res judicata. He filed Defendant's Second Motion for Summary Judgment (the Motion) based on those two affirmative defenses. The Motion relied upon the parties' April 15, 2013 commercial lease, the February 2015 Amendment to Commercial Lease Agreement,[1] and documents filed in the Original Lawsuit, the Eviction Lawsuit, and the Bill of Review Lawsuit. WWLC responded to the Motion, and the record contains a transcription of the trial court's hearing on

---

[1] Miraki emphasizes that the amendment is signed by WWLC's president, Wendy Chen, and includes a handwritten note by Chen, saying the rent would be due starting July 1, 2015.

the Motion. In the end, the court granted the Motion and entered a take-nothing judgment in favor of Miraka and against WWLC.

This appeal followed.

## The Supreme Court's Opinion in the Bill of Review Lawsuit

On June 18, 2021, the Texas Supreme Court handed down its opinion in *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796 (Tex. 2021), which was WWLC's final appeal in the Bill of Review Lawsuit. The Supreme Court, in a per curiam opinion, asserted that service of process on WWLC, a limited partnership, required service of its general partner or registered agent. *Id.* at 799 (citing TEX. BUS. ORGS. CODE §§ 5.201(b)(1), 5.255(2)). HPZ International, Inc. (HPZ) was WWLC's registered agent and its general partner. *Id.* [2] But Miraki did not attempt to serve HPZ. Instead, Miraki's process server attempted multiple times to serve Chen, WWLC's president. When the attempts were unsuccessful, Miraki obtained an order for substituted service under Rule 106 by attaching a copy of the petition and citation to the front door of Chen's house. *Id.* at 798. The Supreme Court concluded that WWLC had proved lack of proper service and was therefore entitled to relief. *Id.* at 801. Accordingly, the court granted WWLC's petition for review, reversed this

---

[2] The Supreme Court concluded that HPZ was WWLC's general partner because records showed it had filed name-change and assumed-name documents with the Secretary of State in 2011, and those documents must be filed by the general partner. *Id.* at 799.

–4–

Court's judgment, and remanded the Bill of Review Lawsuit to the trial court. *Id.* at 800–01.

## Effect of Granting the Bill of Review

Following notice of the Supreme Court's opinion, we requested that WWLC and Miraka (a) file a letter brief explaining why this appeal is not now moot or, alternatively, (b) file a motion to dismiss the appeal.

WWLC filed its brief, and then a supplemental brief,[3] arguing that this appeal is not moot because there is still a live controversy between the parties, and this Court can grant relief that affects the rights and interests of those parties. We agree that a case on appeal becomes moot if there are no live controversies between the parties and a decision rendered by the appellate court would be an advisory opinion because it could not have practical, legal effect on an existing controversy. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.). The premise of WWLC's argument is that Miraka's summary judgment in the 2019 Lawsuit—the basis of this appeal—was based upon the parties' prior history of litigation, especially the Original Lawsuit. The Supreme Court has now reversed the judgment in the Original Lawsuit. Thus, WWLC asks us to employ our de novo standard of review in this summary judgment case, to reverse the trial court's judgment in this case, and to remand the case for further proceedings. It contends

---

[3] Miraki did not file a brief on the issue of mootness.

that such a reversal would have practical, legal effect on the parties and their now unresolved disputes over the lease.

WWLC relies upon the Texas Supreme Court's opinion in *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986), where that court first "adopt[ed] the rule of the *Restatement (Second) of Judgments* § 13, and [held] that a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal . . .'" Thus, according to *Scurlock*, it was proper for the trial court in the 2019 Lawsuit to decide Miraki's Motion based on the preclusive effect of the parties' earlier litigation, even though the Bill of Review Lawsuit—challenging the judgment in the Original Lawsuit—was still on appeal. *Scurlock* acknowledged that adopting the rule embraced certain risks:

> A judgment in a second case based on the preclusive effects of a prior judgment should not stand if the first judgment is reversed. *Butler v. Eaton,* 141 U.S. 240, 243, 11 S.Ct. 985, 986–87, 35 L.Ed. 713 (1891); 18 *Federal Practice and Procedure, supra,* § 4433 at 311. This potentially could create two retrials, although that outcome is not automatic. *See Restatement (Second) of Judgments* § 16.

*Id.* at 6. WWLC contends that this is the situation in which the parties now find themselves, and it asks us to reverse the summary judgment in this case and to remand the case for further proceedings.[4]

The trial court granted the Motion below without specifying the grounds for its summary judgment. We must affirm the summary judgment if either of the

---

[4] WWLC volunteers that it "may attempt to consolidate" the cases below.

–6–

theories presented to the trial court and preserved for appellate review—res judicata or limitations—is meritorious. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

It is apparent that to the extent the Motion was granted based upon the preclusive effect of the Original Lawsuit, the summary judgment must be reversed. To establish res judicata, Miraki was required to show the judgment in that case was a final judgment. *See Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) (one element of res judicata is prior final judgment on merits from court of competent jurisdiction). But the prior judgment upon which Miraki relied to support his res judicata Motion is no longer a final judgment. *WWLC Inv., L.P.*, 624 S.W.3d at 800-01. Accordingly, that basis for the summary judgment rendered against WWLC cannot stand. *See Scurlock*, 724 S.W.3d at 6 ("A judgment in a second case based upon the preclusive effects of a prior judgment should not stand if the first judgment is reversed."); *see also Schmidt v. Ward*, No. 05-13-01095-CV, 2014 WL 4977422, at *4 (Tex. App.—Dallas Oct. 6, 2014, no pet.) (mem. op.) (reversing summary judgment because earlier judgment on which party relied had been reversed).

The limitations ground for Miraki's Motion was not directly based upon the preclusive effect of a judgment from the parties' earlier litigation. However, Miraki's summary judgment evidence on limitations is rooted in the earlier lawsuits,

including pleadings and transcripts from those proceedings.[5] Accordingly, we reverse the limitations ground of the summary judgment as well so that the trial court may determine the role, if any, of the statute of limitations given the changed posture of the case.

## Conclusion

We reverse the trial court's summary judgment and remand this case for further proceedings.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

200552F.P05

---

[5] By way of example, we note Miraki's particular emphasis on Chen's testimony in the Bill of Review Lawsuit concerning the lease amendment, the rent's starting date, and her knowledge of the accrual date of WWLC's claims for breach of contract and fraud.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

WWLC INVESTMENT, L.P.,
Appellant

No. 05-20-00552-CV     V.

SORAB MIRAKI, Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. NO. 471-
06552-2019.
Opinion delivered by Justice
Pedersen, III. Justices Goldstein and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered January 30, 2023