**INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Appellant,**

**v.**

**GENERAL TELEPHONE & ELECTRONICS CORPORATION et al., Appellees.**

**No. 74-2158.**

United States Court of Appeals, Fourth Circuit.

Argued April 10, 1975.

Decided Nov. 25, 1975.

Maxwell M. Blecher, Los Angeles, Cal. (David M. Clark, P. Trevor Sharp, Greensboro, N. C., Nancy Miller Bennett, Edwin A. Kilburn, Daniel R. Solin, Robert E. McKee, Taylor R. Briggs, Grant S. Lewis, Consuelo S. Woodhead, New York City, Clark, Tanner & Williams, Greensboro, N. C., Blecher, Collins & Hoecker, Los Angeles, Cal., LeBoeuf, Lamb, Leiby & MacRae, Washington, D. C., on brief), for appellant.

Stanley D. Robinson, New York City (Michael Malina, John A. Herfort, New York City, Thomas R. Mulroy, Mark Crane, Chicago, Ill., James L. Newsom, Durham, N. C., Kay, Scholer, Fierman, Hays & Handler, New York City, Hopkins, Sutter, Owen, Mulroy & Davis, Chicago, Ill., Newsom, Graham, Strayhorn, Hedrick & Murray, Durham, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, ALDRICH *, Senior Circuit Judge, and MERHIGE,** District Judge.

PER CURIAM:

International Telephone and Telegraph Corporation filed this action in the Middle District of North Carolina to recover damages for an alleged antitrust violation under section 4 of the Clayton Act, 15 U.S.C. § 15. According to the complaint, the defendants, General Telephone and Electronics Corporation, GTE Service Corporation, General Telephone Companies of the Southeast and Alabama, and GTE Automatic Electric, violated section 1 of the Sherman Act, 15 U.S.C. § 1, and section 7 of the Clayton Act, 15 U.S.C. § 18. I. T. & T. claimed that it had suffered two million dollars in damages because Southeast, as a part of the antitrust violation, cancelled an order for automatic switching equipment. The allegations concerning the antitrust violation substantially track claims made in an earlier action in which I. T. & T. had obtained equitable relief under section 16 of the Clayton Act. *International Tel. & Tel. Corp. v. General Tel. & Elec. Corp.*, D.C.D.Hawaii, 351 F.Supp. 1153.

The district court dismissed the damage claim against GTE on the basis of *res judicata*, ruling that I. T. & T. had split a single cause of action in filing its Clayton Act damage claim apart from the claim for equitable relief. In a separate order the court dismissed the case against the other GTE system defendants on the ground that they were in privity with GTE for the purpose of *res judicata* and hence, could avail themselves of that defense.

I. T. & T. appealed the dismissal of its damage claims. Following oral argument on the appeal, the Ninth Circuit reversed in part the judgment for equitable relief granted by the district court in Hawaii and remanded for further proceedings. *International Tel. & Tel. Corp. v. General Tel. & Elec. Corp.*, 9th Cir., 518 F.2d 913. Among other things, the Ninth Circuit required new findings as to the relevant market. Since further proceedings will be necessary before either party can prevail on the merits of the antitrust issues, there is no final judgment upon which GTE may found its *res judicata* defense. Accordingly, we vacate the orders of the district court without expressing an opinion of their merits. *Butler v. Eaton*, 141 U.S. 240, 11

* First Circuit Judge, Sitting by Designation.

** District Judge, Sitting by Designation.

S.Ct. 985, 35 L.Ed. 713 (1891). Restatement Second of Judgments § 41.3, comment c (tentative draft No. 1).

Upon remand, there will be pending in two different district courts actions asserting the same cause of action, the only difference being that equitable relief is sought in Hawaii while monetary damages are sought in North Carolina. The two, of course, should be together. Judicial efficiency and economy suggest a transfer so that, if a violation of the antitrust laws is found, all appropriate relief may be granted in one action.

■ We remand the case to the district court with directions to transfer the action against GTE to the District of Hawaii under the provisions of 28 U.S. C.A. § 1404(a). The court in Hawaii already has heard the evidence on the merits of the alleged antitrust violation, including some evidence concerning the cancellation of the equipment order for which damages are claimed. The district court may then retain the actions against the other defendants on its docket until the termination of the litigation in Hawaii,[1] or, if the requirements of 28 U.S.C.A. § 1404(a) have been met or the other defendants consent, it may transfer those actions to Hawaii. Accordingly, the case is remanded to the district court for further proceedings consistent with this opinion.

*Remanded with directions.*

---

1. In the defendants' brief, they state: "Since ITT in fact never bothered to seek damages against GTE in Hawaii, its supposed concern over its legal right to collect from Southeast is specious. Moreover, such a judgment—had it been obtained—would unquestionably have been satisfied by GTE, which concededly had the resources to pay it."