OPINION OF THE COURT
Harold Baer, Jr., J.
In this decision of one of a series of motions in limine, a *805 brief recitation of the facts is essential. The relief sought by the plaintiff herein, Mercantile & General Reinsurance Co. (M&G), is a declaratory judgment that M&G is not bound to provide reinsurance to defendant Colonial Insurance Co. with respect to insurance policies issued by Colonial to the defendant Spanno Corporation (Spanno). M&G also seeks rescission and other forms of relief. Spanno was in the business of appraising aircraft or other property and guaranteeing that the property could be resold at a certain price. If the property could not be sold at that price, the insurance was to provide reimbursement for the loss. Defendant Island Helicopter Corporation (Island) participated in Spanno’s program by purchasing for resale a Jetstar airplane, which could not be resold. Spanno and Island counterclaim for damages because of M&G’s alleged breach of contract and other wrongs.
The problem before me arises out of a judgment in an earlier case. Defendants Spanno and Island contend that the proceedings in that case (Wallace Leasing Corp. v Union Intl. Ins. Co., US Dist Ct, WD NY, Telesca, J. [Civ 86-0004T]) resolved certain issues that are present in the case before me and that M&G, a defendant in that case, is therefore collaterally estopped from seeking to relitigate those issues. I conclude that M&G is not precluded for the reasons that follow.
The Wallace case (supra) involved the same insurance and reinsurance contracts at issue here. The plaintiff was a loss-payee and thus roughly stood in the shoes now worn by Island (indeed, according to Island, the shoes are the very same). Wallace sued for breach of insurance agreements. Plaintiff moved for partial summary judgment before discovery and Judge Telesca granted the motion. In his opinion, the Judge resolved certain specific issues against M&G, concluding, for instance, that Mr. Dunn, who issued the reinsurance policy at the center of the controversy, had apparent authority to bind M&G. A hearing was thereafter held as a result of which Wallace was awarded certain damages. A judgment followed. An appeal and a cross appeal were filed. At this point, settlement talks began and resulted in an agreement. Judge Telesca, at the request of the parties and apparently as an element of the settlement, issued an order vacating the judgment and sealing the record. M&G contends that in view of the vacatur, there should be no preclusion in this court.
Collateral estoppel, or issue preclusion, requires that there have been a final, binding determination in a prior action in which there was a full and fair opportunity to litigate the *806 issue involved. Generally speaking, this means that the prior determination was embodied in or resulted in a judgment, although this rule is not an absolute one. Thus, Federal courts have held that the ruling involved need not necessarily be final in the sense in which that word is used with respect to appealability. (See, e.g., Zdanok v Glidden Co., 327 F2d 944 [2d Cir], cert denied 377 US 934 [1964] [Friendly, J.]; Lummus Co. v Commonwealth Ref. Co., 297 F2d 80 [2d Cir 1961], cert denied 368 US 986 [1962] [Friendly, J.].) Restatement (Second) of Judgments § 13 defines "final judgment” for issue preclusion purposes as "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect,” not the most precise standard ever crafted.
Defendants appear to argue that although the judgment in the Wallace case (supra) was vacated, the Judge’s findings on the summary judgment motion can still be given preclusive effect; the suggestion is that the decision and order of January 7, 1987 can be applied independently of the judgment. I do not agree. That ruling resulted in a judgment and, in the circumstances present there, it is that judgment that, one way or another, must be dealt with now. The defendants rely on Vavolizza v Krieger (33 NY2d 351 [1974]), but their reliance is misplaced. That case involved an unusual application of issue preclusion. The prior determination, the denial of a motion to vacate a guilty plea in a criminal action, was quite different from the one at issue here and the case does not stand for the proposition that an opinion granting summary judgment on liability is to be given collateral estoppel effect without regard to the later judgment embodying that finding and its fate.
I approach the issue from a different avenue. The question for decision is, does the vacatur of the judgment control in this case, or am I free to ignore the vacatur essentially on a kind of public benefit theory? Is the policy behind collateral estoppel so strong as to prevent relitigation even though the judgment in question was vacated?
Ordinarily, a judgment that has been vacated will not provide a basis for collateral estoppel. (Dodrill v Ludt, 764 F2d 442 [6th Cir 1985]; Universal City Studios v Nintendo Co., 578 F Supp 911, 919 [SD NY 1983], affd 746 F2d 112 [2d Cir 1984]; IB Moore, Federal Practice ¶ 0.416 [2], at 517 [2d ed 1988] ["A judgment that has been vacated * * * on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel. The same is true, of course, of a judgment vacated by a trial court.”]; see, Mansfield State Bank *807 v Cohn, 107 Misc 2d 1078 [Sup Ct 1981].) Angstrohm Precision v Vishay Intertechnology (567 F Supp 537, 541 [ED NY 1982]) recognized this general rule but in dicta raised the question whether this rule should apply when the vacatur has occurred after "the expenditure of the court’s resources in a jury trial.” In the case before me, the expenditure of judicial resources, while always a consideration, was smaller than in Angstrohm and, perhaps more importantly, M&G had neither discovery nor a trial on the issues decided by Judge Telesca. But I will not avoid this problem, which in New York at least appears to be one of first impression, by simply distinguishing Angstrohm.
Defendants have cited no New York case on point, and, indeed, no case from any jurisdiction that held that issue preclusion should be applied notwithstanding vacatur of a judgment pursuant to settlement. The court in the little time available to it has uncovered no controlling case from this State. Chemetron Corp. v Business Funds (682 F2d 1149 [5th Cir 1982]), though, does offer defendants some solace. There the Trial Judge in the preceding case conducted a long bench trial, after which he issued a lengthy opinion. A motion for judgment based on that opinion was filed. A tentative settlement conditioned on an order preventing collateral estoppel effect to the findings and conclusions was arrived at. The Judge signed an order dismissing the case with prejudice and withdrawing and setting aside his findings of fact and conclusions of law. After a different result below, the Court of Appeals in the subsequent case held that, despite the settlement, dismissal and withdrawal of the findings and conclusions, the defendant was precluded from relitigating issues decided in the first case. The court concluded that the finality required for offensive use of issue preclusion means that the issue must have been fully litigated, which the court found had been the case. The defendant litigated, lost and then decided to settle and "now he seeks to avoid the consequences of that loss by elevating form over substance.” (682 F2d, supra, at 1192; see, Aetna Cas. & Sur. Co. v Jeppeson & Co., 440 F Supp 394 [D Nev 1977].) One of the panel members filed a vigorous dissent.[1]
There is a public interest in allowing issue preclusion *808 despite vacatur after settlement. Once resources of a hard-pressed judicial system have been expended in resolving a matter, the need to conserve those resources and to use them efficiently and the need for finality in legal controversies •suggest that vacatur should not bar preclusion, at least in compelling circumstances. (See, e.g., Aetna Cas. & Sur. Co. v Jeppeson & Co., supra.) There is, however, more to the matter than this.
By allowing preclusion here, this court would be contradicting the manifest intention not only of the parties involved in Wallace (supra) but of Judge Telesca as well. The judgment there was vacated. Had the Judge wished to allow preclusion, he could have dismissed rather than vacated. In fact, the Judge in Wallace directed that "the judgment in this action be vacated and deemed of no effect” and he actually sealed the record, thus making it impossible, should that be necessary, to consult the original record for preclusion purposes. Allowing preclusion despite the vacatur leads to inconsistent results and uncertainty. (Zeller, Note: Avoiding Issue Preclusion by Settlement Conditioned upon the Vacatur of Entered Judgments, 96 Yale LJ 860, 863-864, nn 26, 28 [1987].) It also obviously defies the clear intentions of the parties in the first case. There M&G gave up its appeal on the basis of the settlement. It did so in reasonable reliance on the basic principle that a vacated judgment is of no effect. M&G of course would not have done so and would perhaps have generally litigated Wallace with much more vigor had it known that it could not settle except on condition that it run the risk that issue preclusion would obtain by order of a later court. The plaintiff in Wallace would have been adversely affected by the impossibility of settlement. At the least, the plaintiff would have had to await the outcome of the appeal M&G had filed before obtaining its money.* [2] It would have had to incur more legal expenses in return for the privilege of waiting and, as against the certitude of settlement, the plaintiff might have lost on appeal. (See, Chemetron Corp. v Busi *809 ness Funds, 682 F2d, supra, at 1200-1203 [Reavley, J., dissenting].)
There is also a public interest in allowing parties to settle cases in reliance upon the vacatur of a judgment. Ruling in this case as defendants would have me do would create a powerful incentive to litigants to avoid settlements. If this position became the governing rule in this State, many settlements now made would no longer be made. Above all during the current crisis in the court system in this State, with courts flooded by too many cases, with too few Judges and with the system generally lacking the resources to cope, settlements must be and are considered in the public interest. Furthermore, a case in which there was any chance of a later suit would henceforth become an all-out battlefield. Every move possible and every countermove imaginable would become imperative. Every appealable ruling would have to be appealed. The system — and therefore the public interest— would suffer from this increase in the volume and ferocity of litigation. "Vacated judgments should carry no preclusive effect. A rule permitting a second forum to preclude relitigation of issues contained in a vacated judgment would reduce settlement conditioned on vacatur to simple settlement. Given that settlement to avoid continuing preclusive effect should be allowed in some cases, allowing a second court to circumvent the initial court’s decision to vacate undermines judicial fairness, certainty, economy and consistency.” (Zeller, op. cit, at 863-864.)
It may be that a case will arise in which I, or, better, some higher authority, will have occasion to carve out an exception to the rule that the vacatur of a judgment is not a meaningless act for the purposes of issue preclusion. This case, however, does not seem to me to be it. The expenditure of judicial resources in Wallace (supra) was relatively limited. Certainly Judge Telesca did not feel otherwise when he undid his handiwork by vacating the judgment. In this there is a notable contrast with Chemetron (supra) and Aetna (supra), as well as Angstrohm (supra). There is no strong mark against M&G, as there would be, for instance, in a case in which it appeared that a defendant, faced with a multiparty disaster or a major products liability problem, sought endlessly to litigate in the hopes of obtaining the judgment desired, which could then be applied to defeat other victims in other cases. There is no critical evidence or testimony now unavailable, as in Aetna. That case involved an eight-year-old jury trial concerning *810 events that had occurred five years before that and the risk of witnesses with failed memories and lost exhibits was a serious one.
Moreover, proper analysis and resolution of this problem may well require consideration of factors that the parties have not briefed or discussed and that might necessitate reflection not available to me as this trial approaches. (See, Ringsby Truck Lines v Western Conference of Teamsters, 686 F2d 720, 722 [9th Cir 1982]; Zeller, Note, op. cit., and the resolution proposed therein.)
I therefore conclude that the vacated judgment in Wallace (supra) should not be given preclusive effect.
[Portions of opinion omitted for purposes of publication.]

. The value of Chemetron Corp. v Business Funds (682 F2d 1149) as precedent is somewhat uncertain. The Supreme Court apparently denied certiorari in the case in which the collateral estoppel issue arose (460 US 1013 [1983]), but granted certiorari in a separate appeal and vacated and *808 remanded (460 US 1007 [1983]). However, the Fifth Circuit, in an opinion by the dissenter in Chemetron, stated that that case has no precedential value because of the vacatur and remand by the Supreme Court and the fact that the panel opinion on remand was ordered to be reheard en banc. (The case was settled before rehearing.) (Hughes v Santa Fe Intl. Corp., 847 F2d 239 [5th Cir 1988].)

. The plaintiff had filed a cross appeal, which was abandoned when the settlement was reached.