UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

AMERICAN CYANAMID COMPANY,
          *Plaintiff-Appellee,*

v.                                             No. 99-2224

ST. LOUIS UNIVERSITY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-99-1316-JFM)

Argued: November 2, 2000

Decided: March 1, 2001

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Reversed and remanded by unpublished opinion. Judge Traxler wrote the majority opinion, in which Judge Luttig joined. Judge Niemeyer wrote a dissenting opinion.

## COUNSEL

**ARGUED:** Marc Simon Moller, KREINDLER & KREINDLER, New York, New York, for Appellant. Roger William Yoerges, WILMER, CUTLER & PICKERING, Washington, D.C., for Appellee. **ON BRIEF:** Henry Gluckstern, Special Counsel, KREINDLER & KREINDLER, New York, New York; Rex Carr, CARR, KOREIN, TILLERY, KUNIN, MONTROY & GLASS, East St. Louis, Illinois;

Stanley P. Kops, Philadelphia, Pennsylvania; Mark R. Dunn, HER-ZOG, CREBS & MCGHEE, L.L.P., St. Louis, Missouri, for Appellant. David P. Donovan, Lara A. Englund, WILMER, CUTLER & PICKERING, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

TRAXLER, Circuit Judge:

St. Louis University ("SLU") appeals from the grant of summary judgment in favor of American Cyanamid Company in American Cyanamid's declaratory judgment action. We reverse and remand for further proceedings.

### I.

This case is a companion case of sorts to *St. Louis University v. United States*, No. 99-2227, which involves an appeal from the granting of summary judgment against SLU in a contribution action. A more detailed explanation of the background facts is set forth in our opinion filed today in No. 99-2227.

Shortly after receiving Orimune, an oral polio vaccine containing an attenuated live polio virus, Danny Callahan became paralyzed. Callahan sued SLU and others in Missouri state court, alleging that SLU's negligence in treating an abscess suppressed his immune system and caused him to contract polio. The jury returned a $16 million verdict against SLU, and that verdict was affirmed on appeal. *See Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852 (1993) (en banc).

Thereafter, SLU filed contribution actions in state and federal court against American Cyanamid Company, the parent company of the

vaccine manufacturer. These actions were dismissed for various procedural reasons. SLU also commenced in federal district court in Maryland a contribution action against the United States government, contending that the government's negligence in approving the vaccine was the cause of the Danny Callahan's injuries. The district court in that case granted summary judgment in favor of the government. *See St. Louis Univ. v. United States*, No. JFM-95-3639 (D. Md. filed April 29, 1999) ("*SLU I*"). That summary judgment order is before this court in No. 99-2227.

After the district court granted summary judgment against SLU in *SLU I*, American Cyanamid filed this declaratory judgment action in the same federal district court seeking a declaration that the summary judgment order in *SLU I* prevented SLU from seeking contribution against American Cyanamid. The district court agreed with American Cyanamid, gave collateral estoppel effect to its order in *SLU I*, and granted summary judgment in favor of American Cyanamid.

## II.

In *SLU I*, the central issue was whether the district court properly gave collateral estoppel effect to the *Callahan* state court judgment, an issue governed by Missouri law. This case likewise presents a collateral estoppel question, albeit a different one: did the district court properly give collateral estoppel effect to its order in *SLU I*. This is a question controlled by federal law and reviewed *de novo*. *See Tuttle v. Arlington County School Bd.*, 195 F.3d 698, 703 (4th Cir. 1999) (per curiam) ("We review the grant or denial of collateral estoppel *de novo*."); *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990) ("[F]ederal law controls [the] assessment of the preclusive effect of [an] earlier federal judgment.").

Collateral estoppel applies if the proponent establishes that:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue [was] actually determined in the prior proceeding; (3) determination of the issue [was] a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment [is] be final and valid; and (5) the party against whom estoppel is asserted . . . had a full

and fair opportunity to litigate the issue in the previous forum.

*Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998). Because we have reversed the district court's summary judgment order in *SLU I* and remanded for further proceedings, there is no longer a final judgment in *SLU I* that can be given collateral estoppel effect. *See Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (reversing dismissal of plaintiff's first case ("*Selman I*"), which required reversal of trial court's dismissal on res judicata grounds of plaintiff's second case ("*Selman II*"): "Because of our decision today, further proceedings will be necessary in *Selman I* on remand. Accordingly, there is not a final judgment on the merits in *Selman I*, and res judicata does not bar *Selman II*."); *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980) ("The district court, relying on the summary judgment disposition of Ornellas' LMRDA claims, granted the defendants' motion to dismiss Ornellas['] Title VII claim on the ground of res judicata. Because we have reversed the district court's summary judgment of the LMRDA claims, we must also reverse the dismissal on the Title VII claims. A reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel."); *see also South Carolina Nat'l Bank v. Atlantic State Bankcard Ass'n, Inc.*, 896 F.2d 1421, 1430 (4th Cir. 1990); *International Tel. & Tel. Corp. v. General Tel. & Elecs. Corp.*, 527 F.2d 1162, 1163 (4th Cir. 1975) (per curiam).

Because the district court's grant of summary judgment in this case was premised on the collateral estoppel effect of the court's *SLU I* summary judgment order, our reversal today of the decision in *SLU I* compels a reversal of the decision in this case. Accordingly, the decision of the district court is hereby reversed and the case is remanded for further proceedings.

*REVERSED AND REMANDED*

NIEMEYER, Circuit Judge, dissenting:

Because I would conclude that St. Louis University failed to present sufficient evidence of causation, I respectfully dissent.