2012 OK CIV APP 50

**WILLIAMS PRODUCTION MID–CONTINENT COMPANY, an Oklahoma corporation, Plaintiff/Appellee,**

v.

**PATTON PRODUCTION CORPORATION, a Texas corporation, and J.L. Patton, Jr., Individually, Defendants/Appellees,**

v.

**Anoco Marine Industries, Inc., a Texas corporation, Defendant/Appellant.**

**No. 107,941.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 3, 2012.

Rehearing Denied April 18, 2012.

---

H. Gregory Maddux, Maddux & Maddux, Tulsa, Oklahoma, for Defendants/Appellees, Patton Production Corporation and J.L. Patton, Jr.

C. Russell Woody, Hartzog Conger Cason & Neville, Oklahoma City, Oklahoma, and Donald H. Ray, Ray & Wilson, Ft. Worth, Texas, for Defendant/Appellant, Anoco Marine Industries, Inc.

ROBERT D. BELL, Presiding Judge.

¶ 1 In this interpleader action initiated by Plaintiff, Williams Production Mid–Continent Company (Williams), Defendant/Appellant, Anoco Marine Industries, Inc. (Anoco), appeals from the trial court's order releasing the interpleaded royalty payments to Defendants/Appellees, Patton Production Corporation and J.L. Patton, Jr. (Patton) and holding Patton is entitled to all future royalties. Because the trial court's order was predicated upon a Texas judgment since reversed, we reverse the judgment and remand for further proceedings.

¶ 2 Prior to the commencement of this action, Anoco and Patton were involved in litigation in Tarrant County, Texas, concerning ownership of certain overriding royalty interests from gas wells being produced by Williams in Haskell County, Oklahoma. Anoco had been receiving the royalty payments from Williams before the suit was filed. Williams brought this interpleader action in May 2007 and began depositing the royalty payments into the registry of the Tulsa County District Court. On December 13, 2007, the Tarrant County District Court entered a judgment in the Texas litigation ordering that "all monies ... interpled into the registry of any court be released to" Patton within fifteen days. Anoco's appeal of that judgment was affirmed by the Texas Court of Appeals in August 2008.

¶ 3 In November 2008, Patton filed a motion in Tulsa County to release the interpleaded funds. District Judge Michael Gassett entered an order finding Patton was entitled to substantially all of the funds (less costs incurred by Williams) *interpleaded as of December 13, 2007.* Patton moved the court to reconsider, arguing it was entitled to all of the money paid into the registry and to

a declaration that Patton was the owner of the oil and gas leases in dispute (and therefore entitled to all future royalties). The trial court denied Patton's motion and Williams continued to interplead the contested royalty payments.

¶ 4 On June 25, 2009, the Tarrant County (Texas) District Court granted Patton's application for a "turnover order" which clarified that court's earlier decree. Therein, the Texas court ordered Anoco to turn over to Patton:

> all of their interest in the funds held in the Registry of the Court in ... the District Court of Tulsa County, Oklahoma, and to turn over to [Patton] all of their ownership interest in the [subject] wells ..., including all future interest in future production.

Patton then filed the instant renewed motion to release funds in Tulsa County District Court, asking the court, in effect, to accord full faith and credit to the Texas judgment. Anoco objected on the ground that the June 25, 2009, Texas judgment was pending on appeal with the Texas Court of Appeals.

¶ 5 By order dated December 17, 2009, the Tulsa County District Court, Honorable Dana L. Kuehn presiding, granted Patton's renewed motion to release funds. The trial court ordered that all interpleaded funds be released to Patton and held Anoco has no right, title or interest in the disputed gas wells. The order further directed Williams to remit all future royalty payments to Patton. The court denied Anoco's motion for reconsideration. From said judgment, Anoco filed the instant appeal.

¶ 6 During the pendency of this appeal, the Texas Court of Appeals reversed the June 25, 2009, turnover order of the Tarrant County District Court and rendered a "take-nothing judgment." *Anoco Marine Indus., Inc. v. Patton Prod. Corp.*, No. 2–09–210–CV, 2010 WL 1426869 (Tex. Ct.App. April 8, 2010) (unpublished). As its sole proposition of error on appeal, Anoco asserts the trial court judgment at issue here must be reversed because it was predicated upon a Texas order that has been reversed. We agree.

¶ 7 Initially, we find the trial court did not err in granting judgment to Patton based upon the Texas decree.

Where a similar controversy between the same parties is pending in a separate jurisdiction, each forum is generally free to proceed to a judgment. The first judgment precludes the sister jurisdiction from determining issues that were or could have been raised in the first action. The United States Constitution requires that full faith and credit be accorded a final judgment of a sister state court having jurisdiction of the parties and of the issues determined. The local law of the state where the judgment is rendered determines the issues decided and whether a judgment is on the merits.

*Smith v. Shelter Mut. Ins. Co.*, 1994 OK 5, ¶ 8, 867 P.2d 1260, 1264–5 (footnotes omitted).

¶ 8 In the present case, a similar controversy regarding ownership of gas leases and royalty proceeds between the same parties was pending before both an Oklahoma and a Texas court. The Texas court decided the issues first and ruled in favor of Patton. That judgment precluded the Oklahoma court from determining any issue that was or could have been raised in the Texas proceeding. The Oklahoma court was constitutionally required to accord full faith and credit to the judgment of the Texas court, notwithstanding that the Texas judgment was then pending on appeal. Under Texas law, "a judgment is generally final for the purposes of issue and claim preclusion regardless of the taking of an appeal." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex.1996). Because the Texas judgment was "final" for purposes of claim and issue preclusion, the District Court of Tulsa County correctly predicated its decision thereon.

¶ 9 Notwithstanding the correctness of the trial court's judgment at the time it was rendered, we believe the judgment must be reversed. In what appears to be a case of first impression before an Oklahoma court, we hold a second judgment predicated on a prior judgment later reversed cannot stand. This issue, as it has arisen in federal courts, was discussed at length in 18A Fed. Prac. &

Proc. Juris. § 4433 (2d ed.). There, the authors warned against "the grotesque result of perpetuating a judgment that rests on nothing more than a subsequently reversed judgment, . . ." *Id.* Like Texas, "the established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal." *Erebia v. Chrysler Plastic Products Corp.*, 891 F.2d 1212, 1215 n. 1 (6th Cir.1989).

¶ 10 The authors of § 4433 stated:

Substantial difficulties result from the rule that a final trial-court judgment operates as res judicata while an appeal is pending. The major problem is that a second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed.

*Id.* Cited in support of the latter assertion are a plethora of federal decisions. *See,* e.g., *In re Hedged–Investments Associates, Inc.*, 48 F.3d 470, 472–3 (10th Cir.1995) (had trial court recognized preclusive effect of prior judgment subsequently reversed, "we would be compelled to reverse that decision because it would be based on invalid law"); *Erebia*, 891 F.2d at 1215 ("Where the prior judgment, or any part thereof, relied upon by a subsequent court has been reversed, the defense of collateral estoppel evaporates"); *International Tel. & Tel. Corp. v. General Tel. & Electronics Corp.*, 527 F.2d 1162 (4th Cir. 1975) (reversal of judgment that served as basis for a disposition on the ground of *res judicata* requires reversal of later *res judicata*-based judgment); *Adams v. Jonathan Woodner Co.*, 475 A.2d 393, 397 (D.C.App. 1984) (application of collateral estoppel should not be based on judgment subsequently reversed).

¶ 11 On the basis of the foregoing, we hold the trial court's judgment must be reversed and remanded for further proceedings. The trial court's decision was based upon the preclusive effect of the Texas court's judgment, which has since been reversed. The Texas judgment has been invalidated and cannot support the judgment on appeal here. To hold otherwise would sanction "the grotesque result of perpetuating a judgment that rests on nothing more than a subsequently reversed judgment, . . ."

¶ 12 REVERSED AND REMANDED.

MITCHELL, J., and HETHERINGTON, J., concur.