MULLINS, J.
**649 The plaintiff, Shirley P., brought the present action, seeking the dissolution of her marriage to the defendant, Norman P., after the defendant allegedly sexually assaulted *91 her. While this dissolution action was pending, the defendant was convicted of several criminal offenses arising from the alleged assault. The defendant appealed from the judgment of conviction in that case to the Appellate Court. Thereafter, while the criminal appeal was pending, the dissolution trial commenced. At that trial, the court allowed the plaintiff to present evidence of the criminal conviction. More specifically, the court ruled that the defendant's conviction had preclusive effect in this dissolution action under the doctrine of collateral estoppel. Consequently, following the trial in the present case, the court concluded, solely on the basis of the evidence of the criminal conviction, that the defendant exclusively was responsible for the marital breakdown. Accordingly, the court entered a property division award that heavily favored the plaintiff. The defendant then filed the present appeal.[1]
In this appeal, the defendant claims that, because the judgment of conviction was subject to a pending appeal at the time of the dissolution trial, that judgment was not final. The defendant contends that, therefore, the **650 trial court improperly gave the criminal judgment collateral estoppel effect in the present dissolution action.
Subsequently, the Appellate Court reversed the judgment of conviction in the criminal case. See State v. Norman P. , 169 Conn. App. 616, 151 A.3d 877 (2016), aff'd, 329 Conn. 440, 186 A.3d 1143 (2018). As a result, the parties were ordered to submit supplemental briefs on the effect, if any, of the reversal of the defendant's criminal conviction on the defendant's claim in the present appeal from the dissolution judgment. See footnote 3 of this opinion. Thus, given the reversal of the defendant's criminal conviction, which this court has recently upheld; see State v. Norman P., 329 Conn. 440, 465, 186 A.3d 1143 (2018) ; the precise issue now before us is whether the property award, which was based on that conviction, must also be reversed. To answer that question, we are guided by the principles established in Butler v. Eaton , 141 U.S. 240, 242-44, 11 S.Ct. 985, 35 L.Ed. 713 (1891), which held that a second judgment based upon the preclusive effect of the first judgment should be reversed if the first judgment is reversed. Therefore, under the circumstances presented, we conclude that the reversal of the defendant's criminal conviction strips that judgment of any collateral estoppel effect that it may have had in this dissolution action. Because the fact of the criminal conviction was the sole basis for the property division award, we also conclude that the award must be reversed.
The record reveals the following procedural history and facts that were either found by the trial court or are undisputed. On August 10, 2012, the defendant was arrested and charged with sexual assault of the plaintiff and other felony offenses in connection with an incident that took place at the parties' residence on August 2, 2012. On October 20, 2012, the plaintiff commenced the present action seeking dissolution of her marriage to the defendant. The plaintiff consented to the defendant's **651 request to delay the divorce trial until the completion of his criminal trial.
The defendant ultimately was convicted of several criminal charges and, on February 26, 2015, was sentenced to a lengthy term of incarceration. He filed an appeal from the judgment of conviction on May 14, 2015. See State v. Norman P. , supra, 169 Conn. App. at 616, 151 A.3d 877.
*92 On May 21, 2015, the day before the dissolution trial was scheduled to commence, the defendant filed three motions: a motion to stay the trial until the appeal from his criminal conviction was resolved; a motion to preclude the admission of evidence of his criminal conviction; and a motion for a pretrial hearing to present evidence concerning the unfairness of the criminal proceeding. In his motion for a pretrial hearing, the defendant contended that it would be unfair to give collateral estoppel effect to his criminal conviction in the dissolution action because the conviction was the result of "numerous erroneous trial court rulings." Attached to his motion for a pretrial hearing were copies of the appeal from his conviction as well as his motion for a new trial in the criminal proceeding. In those filings, the defendant set forth, at length, claims that the trial court in his criminal case had made numerous erroneous rulings that affected the validity of the verdict.
On May 22, 2015, just before the trial began, the trial court conducted a hearing on the defendant's three motions. The court denied the defendant's motion for a stay on the ground that the dissolution action had been pending since November 6, 2012, and any further delay would prejudice the plaintiff. With respect to the motions to preclude evidence of the criminal conviction and for a pretrial hearing on the fairness of that conviction, the court concluded that, "[i]n any dissolution action, the [c]ourt is called upon to evaluate the situation as it exists at the time of trial. And there are apparently **652 facts that will be offered as to a conviction that would be relevant to the issues in this case; the court is not going to preclude evidence of that."
The court further concluded that, "as to the issues that were apparently concluded by the conviction that has been described in an offer of proof ... the court is bound to respect that judgment. And we will not relitigate here the criminal trial." Accordingly, the court denied the defendant's motions to preclude evidence of the conviction and for a pretrial hearing to present evidence that the conviction was unfair. The court noted, however, that "the existence of [a pending] appeal [from the criminal conviction] is something that can be demonstrated and may well enter into the court's deliberations on the overall outcome of the matter ...."
At trial, the plaintiff called the defendant as a witness, and he testified that he had been convicted of sexually assaulting the plaintiff and of other criminal offenses arising from the events on August 2, 2012. Thereafter, the trial court issued a memorandum of decision in which it found that "the conduct of the [defendant] in August, 2012, which resulted in his arrest for and conviction of offenses including the sexual assault of the [plaintiff], was the cause of the breakdown of the marriage." As a result, the court found that the defendant "bears sole responsibility for the marriage breakdown." The court concluded that the factors enumerated in General Statutes § 46b-81[2] "clearly call for a **653 property division which heavily favors the plaintiff," and it rendered a property division award *93 accordingly. The court rendered no alimony award. The reasons the court gave for declining to award alimony were that the plaintiff had not requested alimony, the defendant would have no opportunity to earn income while he was incarcerated, and the defendant would require income after his release.
In support of its conclusion that it could give preclusive effect to the defendant's criminal conviction despite the pending appeal, the court noted that it was required to "make its decision based on circumstances as they now exist, not as the defendant hopes they might be in the future." The court responded to the defendant's complaint that, if the plaintiff received a favorable property award and the defendant's conviction were later reversed on appeal, he would "be left with a disproportionately small share of the marital property" by noting that, if that occurred, the defendant "would have the opportunity to resume gainful employment and retain all of his earnings ...."
Following the court's ruling, the defendant filed a motion to reargue. In that motion, he contended that the trial court improperly had determined that the conduct that resulted in his criminal conviction was the cause of the marital breakdown without allowing him to present evidence relating to the validity and reliability of the conviction. He also contended that the dissolution action should have been stayed pending resolution of his appeal in the criminal proceeding. The trial court denied the motion. The defendant then filed the present appeal.
In this appeal, the defendant claims that the trial court improperly gave collateral estoppel effect to the criminal judgment of conviction because that judgment was subject to a pending appeal and, therefore, was **654 not final. After filing his appeal in the present case, the Appellate Court released its decision reversing the defendant's criminal conviction and remanding the criminal case to the trial court for a new trial. See State v. Norman. P. , supra, 169 Conn. App. at 644, 151 A.3d 877. As a result, the parties to this appeal were ordered to file supplemental briefs addressing the effect of the reversal of the defendant's criminal conviction on his claims in the present case.[3]
In his supplemental brief, the defendant contends that the reversal of his criminal conviction deprives that judgment of preclusive effect and requires the reversal of the property division award. The plaintiff contends that, to the contrary, because the trial court properly rendered the property division award on the basis of the record as it existed at the time, this court has no authority to set aside the award. In the alternative, she claims that, even if this court has such authority, reversal of the property division award is not warranted under the circumstances of this case. We agree with the defendant that the reversal of his criminal conviction deprives the conviction of any preclusive effect and, therefore, warrants the reversal of the trial court's property division award in the present case.
We begin our analysis with the standard of review and relevant legal principles. "The applicability of the doctrine of collateral estoppel, like the applicability of the closely related doctrine of res judicata, presents a question of law that we review de novo." (Footnote omitted.) Cumberland Farms, Inc. v. Groton , 262 Conn. 45, 57-58, 808 A.2d 1107 (2002). In Butler , the *94 United States Supreme Court explained that a judgment should not be allowed to stand on appeal when it is based on **655 a previous judgment that has itself been overturned. See Butler v. Eaton , supra, 141 U.S. at 243-44, 11 S.Ct. 985. Butler further explained that, notwithstanding the fact that the trial court's decision to apply collateral estoppel to a prior judgment was appropriate at the time the trial court made its decision, the fact that the prior judgment subsequently had been reversed renders the prior judgment "without any validity, force or effect ...." Id., at 244, 11 S.Ct. 985.
With these legal principles in mind, we turn now to the issue before the court. We acknowledge that this appeal initially presented the issue of whether a judgment that was pending on appeal should be given preclusive effect in a second action. Given the reversal of the criminal judgment, however; see State v. Norman P. , supra, 329 Conn. at 440, 186 A.3d 1143 ; State v. Norman P. , supra, 169 Conn. App. at 616, 151 A.3d 877 ; the issue in the present appeal now has evolved into whether the reversal of the criminal conviction requires reversal of the property division award that was based solely on that conviction.[4] With respect to that question, the law is clear that a judgment that has been reversed does not have preclusive effect. See State v. Brundage , 320 Conn. 740, 753-54, 135 A.3d 697 (2016) ("[b]ecause the defendant's judgments of conviction for sexual assault and risk of injury have been vacated, those judgments have no preclusive effect" [internal quotation marks omitted] ); Salem Park, Inc. v. Salem , 149 Conn. 141, 144, 176 A.2d 571 (1961) (judgment in first action had preclusive effect "so long as it was not set aside on appeal").[5] When a **656 judgment loses *95 preclusive effect because it is reversed, the great weight of authority holds that the court in a later action in which the first judgment was given preclusive effect "should then normally set aside the later judgment." 1 Restatement (Second), Judgments § 16, comment (c), pp. 146-47 (1982); see also Disher v. Citigroup Global Markets, Inc. , 486 F.Supp.2d 790, 798 (S.D. Ill. 2007) ("[a]s a corollary of the rule that reversal of a judgment leaves the parties in the same position as if the judgment had never been entered, any judgment that is dependent upon the reversed judgment is reversed as well"); 1 Restatement, (Second), supra, § 16, p. 145 ("[a] judgment based on an earlier judgment is not nullified automatically by reason of the setting **657 aside, or reversal on appeal, or other nullification of that earlier judgment; but the later judgment may be set aside, in appropriate proceedings, with provision for any suitable restitution of benefits received under it").[6]
In addition, contrary to the plaintiff's contention, there is authority for the proposition that, when the trial court gives preclusive effect to a prior judgment **658 from which an appeal is pending, and that prior judgment is reversed while the second case is on appeal, the reviewing court in the second case may set aside the second judgment. That specific issue was addressed by the United States Supreme Court in Butler v. Eaton , supra, 141 U.S. at 240, 11 S.Ct. 985.
In Butler , the court was reviewing a judgment of the Circuit Court of the United *96 States for the District of Massachusetts, which had given preclusive effect to a prior judgment of the Supreme Judicial Court of Massachusetts (state court). Id., at 242, 11 S.Ct. 985. The judgment of the state court also had been appealed to the United States Supreme Court, and it was reversed. Id. The United States Supreme Court concluded that, although the Circuit Court properly had given the judgment of the state court preclusive effect, "its effectiveness in that regard [was] entirely annulled" as the result of the Supreme Court's reversal of that judgment. Id., at 243, 11 S.Ct. 985. Because "the whole foundation of that part of the judgment ... in favor of the defendant [in the Circuit Court was] without any validity, force or effect, and ought never to have existed," the court concluded that it should reverse the judgment on appeal "and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object." Id., at 244, 11 S.Ct. 985 ; see Williams Production Mid-Continent Co. v. Patton Production Corp. , 277 P.3d 499, 501 (Okla. Civ. App. 2012) ("[n]otwithstanding the correctness of the trial court's judgment [giving preclusive effect to a prior judgment that was subject to a pending appeal] at the time it was rendered, we believe the judgment must be reversed" on appeal because prior judgment was later reversed); annot., 9 A.L.R.2d 984, § 10 (1950) ("A question may arise as to how to dispose of an appeal in a second action, where the decision of the court below admitting in evidence a former judgment on or subject to appeal was correct at the time it was rendered, but the former **659 judgment had afterward been reversed. In this situation it seems the better practice, followed in a number of cases, to reverse the judgment in the second case, even though it was correct when rendered."); see also footnote 6 of this opinion.[7] Accordingly, even if we were to assume that the trial court properly applied collateral estoppel to the defendant's criminal conviction on the basis of the record before the court at that time, we nevertheless conclude that the judgment in the present case must be reversed on appeal because the criminal conviction has been reversed.
To the extent that the plaintiff claims that we have no authority to reverse a judgment based on an event that is not part of the record on appeal, we note that this court regularly disposes of appeals on the basis of events that occurred after the judgment that is on appeal was rendered. For example, the court may dismiss a case as moot when the issues on appeal have lost their significance as the result of intervening circumstances. See, e.g., Waterbury Hospital v. Connecticut Health Care Associates , 186 Conn. 247, 249-52, 440 A.2d 310 (1982) (court dismissed as moot plaintiff's request for injunctive relief to restrain picketing during strike because strike and picketing had ended while appeal was pending). In addition, changes in the law that occur after an appeal has been filed ordinarily apply retroactively to the case on appeal. See *97 State v. Thompson , 118 Conn. App. 140, 154, 983 A.2d 20 (2009) (decision of **660 this court changing interpretation of kidnapping statute applied to criminal case in which appeal was filed before decision changing law was released), cert. denied, 294 Conn. 932, 986 A.2d 1057 (2010). We further note that this court may take judicial notice of the files of the Superior Court in any case. See Karp v. Urban Redevelopment Commission , 162 Conn. 525, 527, 294 A.2d 633 (1972) ("[t]here is no question ... concerning our power to take judicial notice of files of the Superior Court, whether the file is from the case at bar or otherwise"). Because there is no dispute that the defendant's criminal conviction has been reversed, and because this court certainly may determine the purely legal consequences of that reversal in the present case, we cannot perceive what would be gained by requiring the defendant to go through "the delay and expense of taking ulterior proceedings in the court below" to achieve this same result. See Butler v. Eaton , supra, 141 U.S. at 244, 11 S.Ct. 985.
The plaintiff contends, however, that, even if this court has the authority to reverse a judgment because it was based on a prior judgment that now has been reversed, such reversal is not automatic, but there must be a showing that it is warranted. See Restatement, (Second), supra, § 16, comment (c), p. 146 ("[t]he current doctrine ... is that the later judgment remains valid, but a party, upon a showing that the earlier judgment has been nullified and that relief from the later judgment is warranted , may by appropriate proceedings secure such relief" [emphasis added] ). The plaintiff claims that reversal is not warranted in the present case for two reasons. First, she claims that the defendant made a strategic choice to delay the dissolution trial until his criminal trial was completed, and he therefore should be bound by the result of the criminal trial. Second, she claims that the trial court expressly considered the possibility that his criminal conviction might **661 be reversed on appeal and that he might ultimately be acquitted. We disagree.
We reject the plaintiff's first claim. We note that both parties agreed to delay the dissolution trial until the criminal trial was completed; however, the agreement to delay the dissolution trial is not dispositive under the circumstances of the present case. The overriding issue is that the criminal conviction has been reversed. Although the Appellate Court has held that a judgment that is subject to appeal is final for purposes of collateral estoppel; see Carnemolla v. Walsh , 75 Conn. App. 319, 326-27, 815 A.2d 1251, cert. denied, 263 Conn. 913, 821 A.2d 768 (2003) ; the law in this state is clear that a reversed judgment does not have preclusive effect. See State v. Brundage , supra, 320 Conn. at 753-54, 135 A.3d 697 ; Salem Park, Inc. v. Salem , supra, 149 Conn. at 144, 176 A.2d 571. Accordingly, even if we were to assume that the defendant would be bound by the judgment in the criminal case while the appeal was pending, that judgment lost any preclusive effect when it was reversed.
We also are not persuaded by the plaintiff's claim that the trial court considered the possibility of the defendant's acquittal. Although the trial court briefly noted that the defendant would be able to retain all of his earnings if he were acquitted because the court was rendering no alimony award, the reasons that the court gave for the decision not to award alimony were that the plaintiff never requested alimony, the defendant would have no income while he was incarcerated, and that he would require an income after serving his sentence. Accordingly, the record does not reflect that the possibility of the defendant's acquittal had any bearing on the court's disposition of the present case.
*98 The plaintiff further contends that the defendant has failed to show that he was prejudiced by the trial court's order precluding him from presenting evidence that **662 casted doubt on the validity and reliability of his criminal conviction. Specifically, she argues that the defendant has not shown that, if he had been permitted to present such evidence, there would have been no finding of fault against him. The very reason for the rule that a reversed judgment has no preclusive effect, however, is that the reversal of the subsequent judgment puts the parties in the same position as they would have been in if the previous judgment had never existed . See Butler v. Eaton , supra, 141 U.S. at 244, 11 S.Ct. 985 (reversed judgment is "without any validity, force or effect, and ought never to have existed"); Disher v. Citigroup Global Markets, Inc. , supra, 486 F. Supp. 2d at 798 ("[a]s a corollary of the rule that reversal of a judgment leaves the parties in the same position as if the judgment had never been entered, any judgment that is dependent upon the reversed judgment is reversed as well"). The only evidence that was before the trial court regarding the reason for the breakdown of the marriage and the trial court's division of property was the bare fact of the defendant's conviction. Thus, the effect of the reversal of that conviction was to eliminate retroactively the only basis for the property division award in the present case. Accordingly, we conclude that the defendant does not bear a burden, at this stage, of showing that he was not solely responsible for the marital breakdown in order to warrant the reversal of the trial court's property division award.
The plaintiff also contends that a reversal of the property award would violate her rights under article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments.[8]
**663 Specifically, she claims that "[t]o permit the defendant, after a criminal trial at which the plaintiff testified and [the defendant's] conduct was proven beyond a reasonable doubt, to relitigate that conduct in the dissolution action" would undermine her state constitutional right to restitution. See Conn. Const., amend. XXIX (b) (9) ("a victim ... shall have ... the right to restitution which shall be enforceable in the same manner as any other cause of action or as otherwise provided by law").
It is not entirely clear to us how her constitutional rights under article first, § 8, of the Connecticut constitution, as amended by article twenty-nine of the amendments, are implicated in the present case, and she has cited no authority for the proposition that a dissolution action is the equivalent of an action for restitution for purposes of this constitutional provision. Perhaps more fundamentally, the reversal of the defendant's criminal conviction has placed the parties in the same position that they were in before the defendant's conviction, and the plaintiff has failed to explain why she is entitled to restitution under this constitutional provision in the absence of a determination of guilt. Accordingly, we reject this claim.
Finally, the plaintiff contends that none of the factors that this court considers when determining whether it should create an exception to the doctrine of collateral estoppel weighs in favor of creating an *99 exception here. See Powell v. Infinity Ins. Co. , 282 Conn. 594, 603, 922 A.2d 1073 (2007) ("[i]n establishing exceptions to the general application of the preclusion doctrines, we have identified several factors to consider, including: [1] whether another public policy interest outweighs the interest of finality served by the preclusion doctrines ... [2] whether the incentive to litigate a claim or issue **664 differs as between the two forums ... [3] whether the opportunity to litigate the claim or issue differs as between the two forums ... and [4] whether the legislature has evinced an intent that the doctrine should not apply" [citations omitted] ). We have not, however, created an exception to the doctrine of collateral estoppel in the present case. Rather, we have concluded that the reversal of a judgment prevents that judgment from having preclusive effect under the doctrine in the first instance because that judgment no longer exists. See Butler v. Eaton , supra, 141 U.S. at 244, 11 S.Ct. 985 (reversed judgment is "without any validity, force or effect, and ought never to have existed"); Disher v. Citigroup Global Markets, Inc. , supra, 486 F. Supp. 2d at 798 (for purposes of collateral estoppel, "reversal of a judgment leaves the parties in the same position as if the judgment had never been entered").
In sum, we conclude that the reversal of the defendant's criminal conviction deprives that judgment of any preclusive effect that it may have had in the present dissolution action. The trial court's property division award, which was premised exclusively on the fact of the defendant's conviction, must therefore be reversed.[9]
The judgment is reversed with respect to the property division award and the case is remanded for a new trial with respect to that issue; the judgment is affirmed in all other respects.
In this opinion the other justices concurred.

The defendant appealed from the judgment to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199(c) and Practice Book § 65-1.

General Statutes § 46b-81(c) provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after considering all the evidence presented by each party, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

This order was issued by the Appellate Court on December 6, 2016. Simultaneous briefs were subsequently filed by both parties on January 18, 2017. On February 7, 2017, we transferred the appeal to this court. See footnote 1 of this opinion.

As we have explained, the defendant originally appealed from the judgment of the trial court on the ground that a judgment subject to a pending appeal has no preclusive effect. Because the defendant's criminal conviction was subsequently reversed, the parties were ordered to submit supplemental briefs addressing the effect of that reversal on the defendant's claims in the present case. See footnote 3 of this opinion.

See also Deposit Bank v. Frankfort , 191 U.S. 499, 514, 24 S.Ct. 154, 48 L.Ed. 276 (1903) (judgment is binding in later proceeding until it is modified or reversed); Harris Trust & Savings Bank v. John Hancock Mutual Life Ins. Co. , 970 F.2d 1138, 1146 (2d Cir. 1992) (vacated judgment had no preclusive effect in later proceeding involving same parties when parties entered agreement to that effect), aff'd, 510 U.S. 86, 114 S.Ct. 517, 126 L.Ed. 2d 524 (1993) ; Pontarelli Limousine, Inc. v. Chicago , 929 F.2d 339, 340 (7th Cir. 1991) ("[a] vacated judgment has no collateral estoppel or res judicata effect under Illinois law"); Dodrill v. Ludt , 764 F.2d 442, 444 (6th Cir. 1985) ("the general rule is that a judgment which is vacated, for whatever reason, is deprived of its conclusive effect as collateral estoppel"); Pride v. Harris , 882 P.2d 381, 383 (Alaska 1994) (judgment that has been vacated does not have res judicata effect because it is not final judgment); Campbell v. SZL Properties, Ltd. , 204 Ariz. 221, 224, 62 P.3d 966 (App. 2003) (citing authorities); Woodrick v. Jack J. Burke Real Estate, Inc. , 306 N.J. Super. 61, 80, 703 A.2d 306 (App. Div. 1997) ("[a] vacated judgment bears no conclusive effect on the underlying action; therefore ... it has no status as a final judgment for purposes of other actions"), appeal dismissed, 157 N.J. 537, 724 A.2d 799 (1998) ; Mercantile & General Reinsurance Co. v. Colonial Assurance Co. , 147 Misc. 2d 804, 806, 556 N.Y.S.2d 183 (1989) ("[o]rdinarily, a judgment that has been vacated will not provide a basis for collateral estoppel"); Shaffer v. Smith , 543 Pa. 526, 530, 673 A.2d 872 (1996) ("[a] judgment is deemed final for purposes of res judicata or collateral estoppel ... until it is reversed on appeal"); State v. Harrison , 148 Wash. 2d 550, 561, 61 P.3d 1104 (2003) ("an appeal does not suspend or negate ... collateral estoppel aspects of a judgment ... but collateral estoppel can be defeated by later rulings on appeal" [internal quotation marks omitted] ); but see Bates v. Union Oil Co. of California , 944 F.2d 647, 650 (9th Cir. 1991) (judgment that was vacated at request of parties did not lose preclusive effect), cert. denied, 503 U.S. 1005, 112 S.Ct. 1761, 118 L.Ed. 2d 424 (1992).

See also Levi Strauss & Co. v. Abercrombie & Fitch Trading Co. , 719 F.3d 1367, 1372 (Fed. Cir. 2013) ("a bedrock principle of preclusion law has been that a reversed judgment cannot support preclusion ... indeed, a second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed" [internal quotation marks omitted] ); International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp. , 527 F.2d 1162, 1163 (4th Cir. 1975) (vacating orders of District Court that were based on prior judgment that was ultimately reversed); Michigan Surety Co. v. Service Machinery Corp. , 277 F.2d 531, 533 (5th Cir. 1960) (federal rules of practice authorize reviewing court to "relieve a party ... from a final judgment [when] a prior judgment upon which it is based has been reversed or otherwise vacated" [internal quotation marks omitted] ); Jackson v. Jackson , 276 F.2d 501, 504 (D.C. Cir.) (same), cert. denied, 364 U.S. 849, 81 S.Ct. 94, 5 L.Ed. 2d 73 (1960) ; E.I. Du Pont de Nemours & Co. v. Richmond Guano Co. , 297 F. 580, 585 (4th Cir. 1924) (reversing decision of District Court because it was based on prior judgment that was subsequently reversed); State Farm Fire & Casualty Co. v. Bellina , 264 F.Supp.2d 198, 207 (E.D. Pa. 2003) (under Pennsylvania law, "a remedy could be fashioned should an appellate court reverse a criminal conviction, which, in turn, would work to nullify the evidentiary foundation upon which a civil judgment is predicated," namely, setting aside of civil judgment and restitution of benefits); Sylvester v. J.I. Case Threshing Machine Co. , 21 Colo. App. 464, 467, 122 P. 62 (1912) (reversing judgment that was based on prior judgment that subsequently was reversed); Fennelly v. A-1 Machine & Tool Co. , 728 N.W.2d 181, 185 (Iowa 2007) ("when an appeal from the second judgment is pending when the first judgment [on which the second judgment was based] is reversed, [t]he court should then normally set aside the later judgment" [internal quotation marks omitted] ); Williams Production Mid-Continent Co. v. Patton Productions Corp. , 277 P.3d 499, 501 (Okla. Civ. App. 2012) ("a second judgment predicated on a prior judgment later reversed cannot stand [on appeal]"); Dallas City Limits Property Co., L.P. v. Austin Jockey Club, Ltd. , 418 S.W.3d 727, 736 (Tex. App. 2013) (reversing grant of summary judgment because it was based on prior judgment that was subsequently reversed); McDonald v. McDonald , 53 Wis. 2d 371, 388, 192 N.W.2d 903 (1972) ("[t]he reversal of a judgment which is a basis of a claim of res judicata in a later action warrants reversal of the finding of res judicata in the later action [on appeal]").

But see Parkhurst v. Berdell , 110 N.Y. 386, 392-93, 18 N.E. 123 (1888) ("If the judgment [in the first action] was competent evidence when received [in the second action], its reception was not rendered erroneous by the subsequent reversal of the judgment [in the first action]. Notwithstanding its reversal, it continued in [the second] action to have the same effect to which it was entitled when received in evidence. The only relief a party against whom a judgment which has been subsequently reversed has thus been received in evidence can have is to move on that fact in the court of original jurisdiction for a new trial, and then the court can, in the exercise of its discretion, grant or refuse a new trial, as justice may require.").

Article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments, provides in relevant part: "In all criminal prosecutions, a victim, as the general assembly may define by law, shall have ... (9) the right to restitution which shall be enforceable in the same manner as any other cause of action or as otherwise provided by law ...."

Although the plaintiff did not cross appeal from the judgment of the trial court challenging the financial orders as a whole, we take no position on whether the trial court can reconsider all of the financial orders in light of our decision to reverse the property division award.